**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

DONALD N. TARANTO,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

COMPLAINT AND JURY DEMAND

Plaintiff Donald N. Taranto, pursuant to 26 U.S.C. § 7422, and in support of his civil action for refund and abatement of a Trust Fund Recovery Penalty, alleges and states as follows:

**Nature of Action/Jurisdiction/Parties**

1.    This is an action for the refund and abatement of an internal revenue Trust Fund Recovery Penalty erroneously and wrongfully assessed and collected by defendant without authority under internal revenue laws.

2.    Plaintiff is a resident of this judicial district who resides in Fort Collins, Larimer County, Colorado.

3.    Defendant is the United States of America.

4.    This Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1).

5.    Venue lies in this District pursuant to 28 U.S.C. § 1402(a)(1).

OM540117.3

**General Allegations**

6. On or about January 1, 2007, the Internal Revenue Service assessed against plaintiff a Trust Fund Recovery Penalty under I.R.C. § 6672 for the quarterly period ending June 30, 2003, in the amount of $83,262.78, alleging that plaintiff was a responsible party for trust fund taxes owed by Firewall Forward, Inc., a company that failed to pay its federal employment taxes for several tax periods.

7. Also on or about January 1, 2007, the Internal Revenue Service assessed against plaintiff a Trust Fund Recovery Penalty under I.R.C. § 6672 for the quarterly period ending September 30, 2003, in the amount of $52,991.72, alleging that plaintiff was a responsible party for trust fund taxes owed by Firewall Forward, Inc., a company that failed to pay its federal employment taxes for several tax periods.

8. Plaintiff at all times disputed the allegations and protested the assessments.

9. In late January 2007, plaintiff filed two Claims for Refund and Requests for Abatement and concurrently calculated and paid as penalty deposits the withheld tax for two quarters of taxes for one employee in the total amount of $987.22.

10. In May 2007, defendant disallowed plaintiff's Claims for Refund and Requests for Abatement.

11. Defendant issued a Notice of Intent to Levy on September 25, 2007, and Notice of Federal Tax Lien Filing on October 9, 2007.

### First Count - Tax refund for quarter ending 6/30/03

12. Plaintiff realleges and incorporates by reference all of the preceding allegations.

13. Pursuant to 26 U.S.C. § 7422, plaintiff files this civil action to obtain a refund of $616.82, which is the penalty deposit paid for the quarterly period ending June 30, 2003.

14. Plaintiff also requests that all remaining unpaid sums in the assessment allegedly owed by plaintiff for the quarterly period ending June 30, 2003, be abated due to a finding that plaintiff is not a responsible party.

15. Plaintiff further asks that the Court order defendant to suspend its collection efforts and to remove all federal tax liens pending the outcome of this tax refund suit.

16. The assessment for the quarterly period ending June 30, 2003, and the findings and conclusions supporting that assessment were erroneous, unsupported by evidence, and not in accordance with the law. In addition, defendant's position lacked substantial justification.

17. Plaintiff is entitled to recover his costs and attorneys fees as provided in 28 U.S.C. § 2412, 5 U.S.C. § 504, and/or his reasonable litigation costs as provided in 26 U.S.C. § 7430.

18. Plaintiff is entitled to recover interest as provided in 28 U.S.C. § 2411.

### Second Count - Tax refund for quarter ending 9/30/03

19. Plaintiff realleges and incorporates by reference all of the preceding allegations.

20. Pursuant to 26 U.S.C. § 7422, plaintiff files this civil action to obtain a refund of $370.40, which is that portion of the penalty deposit paid for the quarterly period ending September 30, 2003.

21. Plaintiff also requests that all remaining unpaid sums in the assessment allegedly owed by plaintiff for the quarterly period ending September 30, 2003, be abated due to a finding that plaintiff is not a responsible party.

22. Plaintiff further asks that the Court order defendant to suspend its collection efforts and to remove all federal tax liens pending the outcome of this tax refund suit.

23. The assessment for the quarterly period ending September 30, 2003, and the findings and conclusions supporting that assessment were erroneous, unsupported by evidence, and not in accordance with the law. In addition, defendant's position lacked substantial justification.

24. Plaintiff is entitled to recover his costs and attorneys fees as provided in 28 U.S.C. § 2412, 5 U.S.C. § 504, and/or his reasonable litigation costs as provided in 26 U.S.C. § 7430.

25. Plaintiff is entitled to recover interest as provided in 28 U.S.C. § 2411.

### **Jury Demand**

Pursuant to Fed. R. Civ. P. 38(b) and 28 U.S.C. § 2402, plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, plaintiff demands judgment against defendant in the amount of the two penalty deposits due to be refunded, plus interest thereon, as well as plaintiff's costs, reasonable attorneys' fees, and/or reasonable litigation costs, and such other relief as the Court deems just and proper.

Dated this 23rd day of October 2007.

      By:   <u>s/ Tracy Oldemeyer</u>
Tracy A. Oldemeyer, #028246
CLINE, WILLIAMS, WRIGHT,
  JOHNSON & OLDFATHER, L.L.P.
123 N. College Avenue, Suite 330
Fort Collins, CO 80524
(970) 221-2637
Fax (970) 221-2638
E-mail:  toldemeyer@clinewilliams.com
Attorney for
DONALD N. TARANTO, Plaintiff