TROY A. EID
United States Attorney

AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 616-3164

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| DONALD N. TARANTO, | ) |
| | ) |
| Plaintiff, | ) Civil No.  07-CV-02235-MSK-MJW |
| | ) |
| v. | ) |
| | ) **UNITED STATES' ANSWER AND** |
| UNITED STATES OF AMERICA, | ) **COUNTERCLAIM** |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Counterclaim Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MARK SEADER, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| | ) |
| DAVID MASKELL, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| | ) |
| DONALD N. TARANTO, | ) |
| | ) |
| Counterclaim Defendant, | ) |

The United States of America (the "United States"), by and through its undersigned attorneys, hereby responds to the numbered allegations of Plaintiff's complaint as follows:

1. The United States admits that this is a civil action against it brought under 26 U.S.C. § 7422(a) seeking a refund of a portion of a civil penalty paid to the Internal Revenue Service ("IRS") but denies that the civil penalty was erroneously or wrongly assessed or collected.

2. The United States admits the allegations contained in paragraph 2 of the complaint.

3. The United States admits the allegations contained in paragraph 3 of the complaint.

4. The United States admits the allegations contained in paragraph 4 of the complaint.

5. The United States admits the allegations contained in paragraph 5 of the complaint.

6. The United States admits the allegations contained in paragraph 6 of the complaint.

7. The United States admits the allegations contained in paragraph 7 of the complaint.

8. The United States is without information sufficient to form a belief as to the allegations contained in paragraph 8 of the complaint. To the extent answer is required, the allegations are denied.

9. The United States admits the allegations contained in paragraph 9 of the

complaint.

10. The United States admits the allegations contained in paragraph 10 of the complaint.

11. The United States admits the allegations contained in paragraph 11 of the complaint.

12. The United States admits that Plaintiff filed this suit on October 23, 2007, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the complaint.

13. The United States avers that a payment was applied to Plaintiff's trust fund recovery penalty liability for the period ending June 30, 2003 in the amount of $34,167.00 but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the complaint.

### First Count

14. The United States restates the responses set forth above to the incorporated allegations of paragraphs 1 through 13 of the Complaint.

15. The United States admits that Plaintiff has filed this suit pursuant to 26 U.S. C. § 7422. The United States avers that $616.82 was posted to the account of Firewall Forward, Inc. on January 23, 2007. The United States is without knowledge or information at this time to determine whether Plaintiff posted $616.82 in association with Plaintiff's liabilities for the quarter ending May 30, 2003. To the extent the allegations of paragraph 15 are inconsistent with this

averment and the averment in paragraph 13, they are denied.

16. Paragraph 16 calls for a legal conclusion and/or request for relief, therefore no response is necessary. To the extent a response is required, the allegations contained in paragraph 16 are denied.

17. Paragraph 17 calls for a legal conclusion and/or request for relief, therefore no response is necessary. To the extent a response is required, the allegations contained in paragraph 16 are denied.

18. The United States denies the allegations contained in paragraph 18 of the complaint.

19. The United States denies the allegations contained in paragraph 19 of the complaint.

20. The United States denies the allegations contained in paragraph 20 of the complaint.

## Second Count

21. The United States restates the responses set forth above to the incorporated allegations of paragraphs 1 through 20 of the Complaint.

22. The United States admits that Plaintiff has filed this suit pursuant to 26 U.S.C. § 7422. The United States avers that $370.40 was posted to the account of Firewall Forward, Inc. on January 23, 2007. The United States is without knowledge or information at this time to determine whether Plaintiff posted $370.40 in association with Plaintiff's liabilities for the quarter ending September 30, 2003. To the extent the allegations of paragraph 22 are inconsistent with this

averment, they are denied.

23. Paragraph 23 calls for a legal conclusion and/or request for relief, therefore no response is necessary. To the extent a response is required, the allegations contained in paragraph 23 are denied.

24. Paragraph 24 calls for a legal conclusion and/or request for relief, therefore no response is necessary. To the extent a response is required, the allegations contained in paragraph 24 are denied.

25. The United States denies the allegations contained in paragraph 25 of the complaint.

26. The United States denies the allegations contained in paragraph 26 of the complaint.

27. The United States denies the allegations contained in paragraph 27 of the complaint.

## COUNTERCLAIM AGAINST DONALD N. TARANTO

1. This counterclaim is brought by the United States to reduce to judgment certain outstanding tax assessments made against counterclaim-defendant Donald N. Taranto pursuant to 26 U.S.C. § 6672.

2. The United States counterclaims against Donald N. Taranto pursuant to Fed. R. Civ. P. 13.

3. This counterclaim is brought pursuant to 26 U.S.C. § 7401, at the direction of the Attorney General of the United States, with the authorization and at the request of the Associate Area Counsel of the Internal Revenue Service, a delegate of the

       Secretary of the Treasury.

4. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1340 and 1346(c) and 26 U.S.C. § 7402.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1396 because this is the district where the liability for the tax at issue accrued.

6. During the periods set forth below in paragraphs 7-8, counterclaim-defendant Donald N. Taranto was responsible for collecting, truthfully accounting for and paying over to the United States the income and FICA taxes withheld from wages paid to employees of Firewall Forward, Inc.

7. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant Donald N. Taranto for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending June 30, 2003.

8. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant Donald N. Taranto for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending September 30, 2003.

9. Despite proper notice and demand for payment of the assessments referred to in paragraphs 7-8 above, counterclaim-defendant Donald N. Taranto has neglected, failed, or refused to make full payment of the assessed amounts to the United

States, and there remains due and owing on said assessments the sum of $88,422.96 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits.

## COUNTERCLAIM AGAINST MARK SEADER

1. This counterclaim is brought by the United States to reduce to judgment certain outstanding tax assessments made against counterclaim-defendant Mark Seader pursuant to 26 U.S.C. § 6672.

2. The United States counterclaims against Mark Seader pursuant to Fed. R. Civ. P. 13.

3. This counterclaim is brought pursuant to 26 U.S.C. § 7401, at the direction of the Attorney General of the United States, with the authorization and at the request of the Associate Area Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

4. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1340 and 1346(c) and 26 U.S.C. § 7402.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1396 because this is the district where the liability for the tax at issue accrued.

6. This Court has jurisdiction over this counter-claim defendant because the counter-claim defendant's activities within this jurisdiction were related to the accrual of the federal tax liabilities at issue in this case.

7. During the periods set forth below in paragraphs 8-13, counterclaim-defendant Mark Seader was responsible for collecting, truthfully accounting for and paying

       over to the United States the income and FICA taxes withheld from wages paid to employees of Firewall Forward, Inc.

8. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending June 30, 2002.

9. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending September 30, 2002.

10. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending December 31, 2002.

11. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending March 31, 2003.

12. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending June 30, 2003.

13. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending September 30, 2003.

14. Despite proper notice and demand for payment of the assessments referred to in paragraphs 8-13 above, counterclaim-defendant Mark Seader has neglected, failed, or refused to make full payment of the assessed amounts to the United States, and there remains due and owing on said assessments the sum of $347,102.11 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits.

## COUNTERCLAIM AGAINST DAVID MASKELL

1. This counterclaim is brought by the United States to reduce to judgment certain outstanding tax assessments made against counterclaim-defendant David Maskell pursuant to 26 U.S.C. § 6672.

2. The United States counterclaims against David Maskell pursuant to Fed. R. Civ. P. 13.

3. This counterclaim is brought pursuant to 26 U.S.C. § 7401, at the direction of the Attorney General of the United States, with the authorization and at the request of the Associate Area Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

4. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1340 and 26 U.S.C. § 7402.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1396 because this is the district where the liability for the tax at issue accrued.

6. This Court has jurisdiction over this counter-claim defendant because the counter-claim defendant's activities within this jurisdiction were related to the accrual of the federal tax liabilities at issue in this case.

7. During the periods set forth below in paragraphs 8-13, counterclaim-defendant David Maskell was responsible for collecting, truthfully accounting for and paying over to the United States the income and FICA taxes withheld from wages paid to employees of Firewall Forward, Inc.

8. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending June 30, 2002.

9. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-

        defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending September 30, 2002.

10. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending December 31, 2002.

11. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending March 31, 2003.

12. On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending June 30, 2003.

13. On about March 6, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for

the tax period ending September 30, 2003.

14. Despite proper notice and demand for payment for the assessments referred to in paragraphs 8-13 above, counterclaim-defendant David Maskell has neglected, failed, or refused to make full payment of the assessed amounts to the United States, and there remains due and owing on said assessments the sum of $417,501.16 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits.

WHEREFORE, the United States prays for judgment in its favor and against Donald N. Taranto, Mark Seader, and David Maskell as follows:

A. That the Court enter judgment in favor of the United States and against counterclaim-defendant Donald N. Taranto in the amount of $88,422.96 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits; and

B. That the Court enter judgment in favor of the United States and against counterclaim-defendant Mark Seader in the amount of $347,102.11 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits; and

C. That the Court enter judgment in favor of the United States and against counterclaim-defendant David Maskell in the amount of $417,501.16 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits; and

D. That the Court award the United States such other and further relief that it deems

just and proper, including its costs and fees.

Respectfully submitted this 21st day of December, 2006.

                                 TROY A. EID
                                 United States Attorney

                                 /s/ Aaron M. Bailey
                                 AARON M. BAILEY
                                 Trial Attorney, Tax Division
                                 U.S. Department of Justice
                                 Post Office Box 683
                                 Ben Franklin Station
                                 Washington, D.C.  20044
                                 Telephone: (202) 616-3164

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the above Answer and Counterclaim as of this 21st

day of December, 2007, been effected upon petitioner by depositing a copy in the United States

mail at Washington, D.C., postage paid, addressed to petitioner at the following address:

    Tracy Oldemeyer
    Cline, Williams, Wright, Johnson & Oldfather, LLP
    123 North College Avenue, Suite 330
    Fort Collins, Colorado 80524


    s/ Aaron M. Bailey
    AARON M. BAILEY
    Trial Attorney, Tax Division
    United States Department of Justice