**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-02235-MSK-MJW

DONALD N. TARANTO,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____

SCHEDULING ORDER
_____

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The parties participated in a telephonic conference on December 19, 2007, through their attorneys as follows:

| | |
|---|---|
| Tracy A. Oldemeyer, #028246 | Aaron M. Bailey |
| CLINE, WILLIAMS, WRIGHT, | United States Department of Justice |
|   JOHNSON & OLDFATHER, L.L.P. | P.O. Box 683 |
| 123 N. College Avenue, Suite 330 | Ben Franklin Station |
| Fort Collins, CO 80524 | Washington, DC 20044 |
| (970) 221-2637 | T: (202) 616-3164 |
| Fax (970) 221-2638 | F: (202) 307-0054 |
| toldemeyer@clinewilliams.com | aaron.m.bailey@usdoj.gov |
| Attorney for Plaintiff | Attorney for Defendant |
| DONALD N. TARANTO | UNITED STATES OF AMERICA |

## 2. STATEMENT OF JURISDICTION

The parties agree that the Court has jurisdiction under 28 U.S.C. § 1346(a)(1) and that venue in this judicial district is proper under 28 U.S.C. §§ 1391(e), 1396, and/or 1402(a)(1).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiff</u>:

**Claim I** of the Amended Complaint is a claim for the refund and abatement of a Trust Fund Recovery Penalty assessed under I.R.C. § 6672 for the quarterly period ending June 30, 2003, in the amount of $83,262.78.

ELEMENTS:

Defendant must prove:

1. That plaintiff is a responsible person for trust fund taxes owed for the quarterly period ending June 30, 2003, by Firewall Forward, Inc., and more specifically, plaintiff was required to collect, truthfully account for, and pay over any tax imposed by Title 26 and willfully failed to collect such tax, or truthfully account for and pay over such tax, or willfully attempt in any manner to evade or defeat any such tax or the payment thereof.

Plaintiff must prove:

1. That plaintiff filed a claim for refund and may maintain this action;
2. That plaintiff paid and that the defendant collected from plaintiff a total of $34,896.35 and applied it toward the Trust Fund Recovery Penalty;
3. That plaintiff is entitled to a refund of the $34,896.35 as a result of defendant's failure to prove he is a responsible party; and
4. That plaintiff is entitled to an abatement of the unpaid balance of the assessment

for the quarterly period ending June 30, 2003, as a result of defendant's failure to prove he is a responsible party.

**Claim II** of the Amended Complaint is a claim for the refund and abatement of a Trust Fund Recovery Penalty assessed under I.R.C. § 6672 for the quarterly period ending September 30, 2003, in the amount of $52,991.72.

ELEMENTS:

Defendant must prove:

1. That plaintiff is a responsible person for trust fund taxes owed for the quarterly period ending September 30, 2003, by Firewall Forward, Inc., and more specifically, plaintiff was required to collect, truthfully account for, and pay over any tax imposed by Title 26 and willfully fail to collect such tax, or truthfully account for and pay over such tax, or did not willfully attempt in any manner to evade or defeat any such tax or the payment thereof.

Plaintiff must prove:

1. That plaintiff filed a claim for refund and may maintain this action;

2. That plaintiff paid $370.40 toward the Trust Fund Recovery Penalty;

3. That plaintiff is entitled to a refund of the $370.40 as a result of defendant's failure to prove he is a responsible party; and

4. That plaintiff is entitled to an abatement of the unpaid balance of the assessment for the quarterly period ending September 30, 2003, as a result of defendant's failure to prove he is a responsible party.

b. <u>Defendant</u>:

The United States alleges that plaintiff was liable for federal trust fund tax liabilities, including penalties and fees and costs, that were assessed against plaintiff pursuant to I.R.C. § 6672 in association with the second and third quarters of 2003. The entity for which the trust fund liability is attributable is Firewall Forward, Inc. The liability stems from assessed employment tax. As a result of its examination, the Internal Revenue Service determined that the plaintiff was responsible for the periods noted above. The United States denies that plaintiff is entitled to a refund or interest or any of the costs or fees associated with this action. The amount assessed against plaintiff is $88,422.96 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits. The United States seeks to reduce this assessment to judgment.

The United States also seeks to reduce related assessments to judgment through the joinder of claims against David Maskell and Mark Seader for additional periods attributable to Firewall Forward, Inc. David Maskell and Mark Seader may be liable for assessments related to Firewall Forward, Inc. during periods which may overlap those for which plaintiff is liable. Therefore, David Maskell and Mark Seader are indispensable parties to this suit.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff is a resident of Fort Collins, Larimer County, Colorado.

2. On or about January 1, 2007, the Internal Revenue Service assessed against plaintiff a Trust Fund Recovery Penalty under I.R.C. § 6672 for the quarterly period ending June 30, 2003, in the amount of $83,262.78, alleging that plaintiff was a responsible party for trust fund taxes owed by Firewall Forward, Inc.

3. Also on or about January 1, 2007, the Internal Revenue Service assessed against plaintiff a Trust Fund Recovery Penalty under I.R.C. § 6672 for the quarterly period ending September 30, 2003, in the amount of $52,991.72, alleging that plaintiff was a responsible party for trust fund taxes owed by Firewall Forward, Inc.

4. Plaintiff at all times disputed the allegations and protested the assessments.

5. In late January 2007, plaintiff filed two Claims for Refund and Requests for Abatement and concurrently calculated and paid as penalty deposits the withheld tax for two quarters of taxes for one employee in the total amount of $987.22.

6. In May 2007, defendant disallowed plaintiff's Claims for Refund and Requests for Abatement.

7. Defendant issued a Notice of Intent to Levy on September 25, 2007, and Notice of Federal Tax Lien Filing on October 9, 2007.

8. On October 23, 2007, plaintiff filed a Form 12153, a Collection Due Process Hearing Form. Plaintiff concurrently filed this tax refund lawsuit.

9. In a letter dated November 26, 2007, defendant notified plaintiff that it had seized his 2006 tax refund and applied that overpaid tax to the alleged unpaid balance of the Trust Fund Recovery Penalty for the quarterly period ending June 30, 2003.

### 5. COMPUTATION OF DAMAGES

The total Trust Fund Recovery Penalty assessed is $136,254.50.

The total amount that plaintiff has paid and that the Internal Revenue Service has collected is $35,883.57.

Plaintiff seeks abatement of the remaining balance allegedly due or $100,370.93.

Plaintiff also seeks interest under 28 U.S.C. §2411 and attorneys' fees, costs, and reasonable litigation costs as noted in Section3, plaintiff's claims I and II.  Plaintiff alleges that the assessment and the findings and conclusions supporting that assessment were erroneous, unsupported by evidence, not in accordance with the law; and that defendant's position lacked substantial justification, and plaintiff is entitled to recover his costs and attorneys fees as provided in 28 U.S.C. § 2412, 5 U.S.C. § 504, and/or his reasonable litigation costs as provided in 26 U.S.C. § 7430.

Counterclaimant United States seeks to reduce federal tax assessments against the counterclaim-defendants to judgment pursuant to I.R.C. § 6672.  Specifically, the United States seeks to reduce assessments against Donald Taranto in the approximate amount of $88, 422.96 plus statutory interest and additions from the date of assessment, less any payments or credits. The United States seeks to reduce assessments against Mark Seader in the approximate amount of $347,102.11 plus statutory interest and additions from the date of assessment, less any payments or credits.  The United States seeks to reduce assessments against David Maskell in the approximate amount of $417,501.16 plus statutory interest and additions from the date of assessment, less any payments or credits.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of rule 26(f) meeting was held:   December 19, 2007.

b. Names of each participant and party he/she represented.

| | |
|---|---|
| Tracy A. Oldemeyer, #028246 | Aaron M. Bailey |
| CLINE, WILLIAMS, WRIGHT, | United States Department of Justice |
|   JOHNSON & OLDFATHER, L.L.P. | P.O. Box 683 |
| 123 N. College Avenue, Suite 330 | Ben Franklin Station |
| Fort Collins, CO 80524 | Washington, DC 20044 |
| (970) 221-2637 | T: (202) 616-3164 |
| Fax (970) 221-2638 | F: (202) 307-0054 |
| toldemeyer@clinewilliams.com | aaron.m.bailey@usdoj.gov |
| Attorney for Plaintiff | Attorney for Defendant |
| DONALD N. TARANTO | UNITED STATES OF AMERICA |

c.      Proposed changes, if any, in timing or requirement of Disclosures under Fed. R. Civ. P. 26(a)(1): the parties agree that initial disclosures are due January 11, 2008.

d.      By agreement of the parties, Rule 26(a)(1) Disclosures will be due January 11, 2008, due to the intervening holidays and defendant's difficulty accessing the Internal Revenue Service administrative file.

e.      Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all *pro se* parties.

There is no such agreement.

f.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate

discovery of electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery. Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial- preparation materials after production of computer-generated records.

The parties do not believe that claims or defenses will involve extensive discovery of electronically stored information, although the Internal Revenue Service maintains some information and records in electronic form. The United States notes that, in the instant case, to the extent that Electronically Stored Information ("ESI") exists, such information may be sought from the Defendant to the extent necessary to authenticate documents or to ascertain the completeness of discovery. The United States further states that certain ESI in its possession may be protected under section 6103 of the Internal Revenue Code and/or other privileges. Non-privileged ESI will be produced in paper form.

### 7. CONSENT

By order of the Court dated October 30, 2007, United States District Judge Marcia S. Krieger referred certain proceedings to United States Magistrate Judge Michael J. Watanabe.

All parties have not consented to the exercise of jurisdiction of a magistrate judge over the civil jury trial.

### 8. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: February 5, 2008

b. Discovery Cut-off: July 16, 2008

c. Dispositive Motion Deadline: August 27, 2008

d. Expert Witness Disclosure.

Plaintiff does not anticipate the need for any experts.

(1) Defendant anticipates the needs for a forensic accountant to reconstruct corporate books and records.

(2) Plaintiff proposes a limit of one defense expert witness.

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 16, 2008.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 20, 2008.

e. Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Don Taranto | March, 2008 | | 7 hours |
| Mark Seader | April, 2008 | | 7 hours |
| David Maskell | April, 2008 | | 7 hours |
| Peter Broom | April, 2008 | | 7 hours |

f. The parties shall serve Interrogatories by February 29, 2008. Answers are due in accordance with the Federal Rules of Civil Procedure.

g. The parties shall serve Request for Production of Documents by February 29, 2008. Responses are due in accordance with the Federal Rules of Civil

      Procedure.

   h.    Discovery Limitations:

      (1)    Plaintiff wishes to limit the number of depositions to seven total.

      (2)    Plaintiff wishes to propose that the length of depositions be limited to seven hours.

      (3)    Plaintiff proposes that the number of Interrogatories be limited to 30.

      (4)    Plaintiff proposes that the number of Requests for Production of Document and Requests for Admission be limited to 30.

      (5)    There are no other planning or discovery orders.

## 9. SETTLEMENT

The parties certify that they have discussed the possibility and likelihood of a prompt settlement. The parties agree that a limited amount of discovery might be necessary before meaningful discussions can be had between counsel regarding settlement. The parties will comply with the Court's Order dated November 2, 2007, requiring that to submit Confidential Settlement Statements to Magistrate Judge Watanabe five days prior to the Scheduling/Planning Conference.

Further, the parties agree to file a joint report to the Court setting forth the results of their informal settlement discussions by April 15, 2008.

## 10. OTHER SCHEDULING ISSUES

a.    A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement:

Plaintiff will object to defendant's effort to bring third parties into this taxpayer's tax refund suit.

Defendant anticipates that scheduling of this matter will require re-evaluation subsequent to the filing of third-party responsive pleadings.

b.    Anticipated length of trial and whether trial is to the court or jury:  This jury trial is estimated to last three days.

### 11.  DATES FOR FURTHER CONFERENCES

a.    A settlement conference will be held on _____ at ___ o'clock _.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )    *Pro se* parties and attorneys only need be present.

( )    *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )    Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.    Status conferences will be held in this case at the following dates and times:

_____

c.    A final pretrial conference will be held in this case on _____ at _____ o'clock __.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon motion and a showing of good cause.

DATED this _____ day of _____ 200__.

BY THE COURT:

Michael J. Watanabe,
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| /s/ Tracy A. Oldemeyer | /s/ Aaron M. Bailey |
| Tracy A. Oldemeyer, #028246 | Aaron M. Bailey |
| CLINE, WILLIAMS, WRIGHT, | United States Department of Justice |
|   JOHNSON & OLDFATHER, L.L.P. | P.O. Box 683 |
| 123 N. College Avenue, Suite 330 | Ben Franklin Station |
| Fort Collins, CO 80524 | Washington, DC 20044 |
| (970) 221-2637 | T: (202) 616-3164 |
| Fax (970) 221-2638 | F: (202) 307-0054 |
| toldemeyer@clinewilliams.com | aaron.m.bailey@usdoj.gov |
| Attorney for Plaintiff | Attorney for Defendant |
| DONALD N. TARANTO | UNITED STATES OF AMERICA |