# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-02235-MSK-MJW

| | |
|---|---|
| DONALD N. TARANTO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Counterclaim Plaintiff | ) |
| v. | ) |
| | ) |
| MARK SEADER, | ) |
| | ) |
| Counterclaim Defendant, | ) |
| And | ) |
| | ) |
| DAVID MASKELL, | ) |
| | ) |
| Counterclaim Defendant, | ) |
| And | ) |
| | ) |
| DONALD N. TARANTO, | ) |
| | ) |
| Counterclaim Defendant. | ) |

**COUNTERCLAIM DEFENDANT MARK SEADER'S REPLY/ANSWER TO COUNTERCLAIM BY THE UNITED STATES OF AMERICA AND JURY DEMAND**

COMES NOW Mark Seader, by his undersigned counsel, Algirdas M. Liepas of Algirdas M. Liepas PC, and hereby responds to the Answer and Counterclaim submitted by the Defendant United States of America in the above-captioned matter. In the Answer and Counterclaim, the Defendant United States of America characterized its claims against Mark Seader (hereinafter "Seader") as a "counterclaim". The District Court Clerk's office characterized them as third-party proceedings. For his Reply/Answer to the "Counterclaim Against Mark Seader" (hereinafter "Counterclaim"), Seader states as follows:

1. Seader denies the allegations of paragraph 1 of the Counterclaim. Seader contends he is not a party plaintiff in the above-captioned proceeding and that a counterclaim may not brought against him. In addition, Seader contends that the tax assessments made against him are illegal, unsupported by evidence and contrary to applicable law. Seader denies the rest and remainder of the allegations found in paragraph 1 of the Counterclaim.

2. Seader denies that a counterclaim against him is proper under Fed. R. Civ. P. 13. Seader denies the rest and remainder of the allegations made against him in paragraph 2.

3. Seader denies that a counterclaim against him is proper under Fed. R. Civ. P. 13. Seader is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Counterclaim and therefore denies the same.

4. Seader denies that a counterclaim against him is proper under Fed. R. Civ. P. 13. The rest and remainder of the allegations are statements of law requiring neither admission nor denial.

   5.  Seader denies being liable for the tax which is at issue in the Counterclaim. The rest and remainder of the allegations are statements of law requiring neither admission nor denial.

   6.  Seader denies being liable for the tax which is at issue in the Counterclaim. The rest and remainder of the allegations are statements of law requiring neither admission nor denial.

   7.  Seader denies the allegations contained in paragraph 7 of the Counterclaim.

   8.  Seader admits that on or about February 27th, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against Seader, but denies the allegations that Seader was willful in failing to collect, truthfully account for, and pay over the withheld income taxes of Firewall Forward, Inc. for the tax period ending June 30th, 2002.

   9.  Seader admits that on or about February 27th, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against Seader, but denies the allegations that Seader was willful in failing to collect, truthfully account for, and pay over the withheld income taxes of Firewall Forward, Inc. for the tax period ending September 30th, 2002.

   10.  Seader admits that on or about February 27th, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against Seader, but denies the allegations that Seader was willful in failing to collect, truthfully account for, and pay over the withheld income taxes of Firewall Forward, Inc. for the tax period ending December 31st, 2002.

11. Seader admits that on or about February 27th, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against Seader, but denies the allegations that Seader was willful in failing to collect, truthfully account for, and pay over the withheld income taxes of Firewall Forward, Inc. for the tax period ending March 31st, 2003.

12. Seader admits that on or about February 27th, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against Seader, but denies the allegations that Seader was willful in failing to collect, truthfully account for, and pay over the withheld income taxes of Firewall Forward, Inc. for the tax period ending June 30th, 2003.

13. Seader admits that on or about February 27th, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability arising under 26 U.S.C. § 6672 against Seader, but denies the allegations that Seader was willful in failing to collect, truthfully account for, and pay over the withheld income taxes of Firewall Forward, Inc. for the tax period ending September 30th, 2003.

14. Seader denies the allegations contained in paragraph 14 of the Counterclaim.

15. Seader denies each and every other allegation contained Counterclaim that is not specifically admitted or denied above.

**AFFIRMATIVE DEFENSES**

1. The Counterclaim against Seader fails to state a claim upon which relief may be granted.

2. The United States of America has failed to properly join Seader as a party under Fed. R. Civ. P. 19.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and 28 U.S.C. § 2402, Seader demands a trial by jury on all issues so triable.

WHEREFORE, Seader respectfully prays that the Court enter judgment in his favor and against the United States of America on the Counterclaim.  Seader prays further that the Court order the United States of America to abate any and all assessments of penalties under 26 U.S.C. § 6672 pertaining to or arising from Firewall Forward, Inc. for the quarterly periods ending June 30th, 2002 through and including the quarterly period ended September 30th, 2003 and to refund to Seader any and all amounts it has collected from him on those assessments.  Seader prays further that the Court order the United States of America to release any and all liens issued by it pertaining to or arising from Firewall Forward, Inc. for the quarterly periods ending June 30th, 2002 through and including the quarterly period ended September 30th, 2003.  Seader prays further that the Court award his attorney's fees and costs under 26 U.S.C. § 7430.  Seader prays further for such additional legal and equitable relief that the Court deems just and proper.

Respectfully submitted this 24th day of February, 2008.

/S/ Algirdas M. Liepas
Algirdas M. Liepas, Atty. Reg. No. 15414
Algirdas M. Liepas P.C.
419 Canyon Ave., Suite 215
Fort Collins, CO 80521
(970) 493-3359
(970) 407-9390 FAX
aml@amliepaspc.com

...

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2008, a true and correct copy of Counterclaim Defendant Mark Seader's Reply/Answer to Counterclaim by the United States of America and Jury Demand was served by first class mail, postage prepaid, and addressed to; by fax transmission to; by overnight delivery to; or by personally delivering to or leaving with a person in charge of the office; or by e-mail or other electronic delivery as allowed by law, as indicated below:

Aaron M. Bailey ☒ U.S. Mail
Trial Attorney, Tax Division ☐ FAX
U.S. Department of Justice ☐ Overnight Delivery
PO Box 683 ☐ Hand Delivery
Ben Franklin Station ☐ Electronically
Washington, DC 20044

Tracy Oldemeyer ☒ U.S. Mail
Cline, Williams, Wright, Johnson & Oldfather, LLP ☐ FAX
123 North College Avenue, Suite 330 ☐ Overnight Delivery
Fort Collins, CO 80524 ☐ Hand Delivery
☐ Electronically

Garret Marsh Francis ☒ U.S. Mail
Kevin A. Planegger ☐ FAX
Theodore "Ted" H. Merriam ☐ Overnight Delivery
Merriam Law Firm, PC ☐ Hand Delivery
1625 Broadway #770 ☐ Electronically
Denver, CO 80202

/S/ Algirdas M. Liepas
Algirdas M. Liepas, Atty. Reg. No. 15414
Algirdas M. Liepas P.C.
419 Canyon Ave., Suite 215
Fort Collins, CO 80521
(970) 493-3359
(970) 407-9390 FAX
aml@amliepaspc.com