# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02235-MSK-KMT

DONALD N. TARANTO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

## SECOND AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff Donald N. Taranto, pursuant to 26 U.S.C. § 7422 and Fed. R. Civ. P. 15(a), and in support of his civil action for refund and abatement of a Trust Fund Recovery Penalty, alleges and states as follows:

### Nature of Action/Jurisdiction/Parties

1.    This is an action for the refund and abatement of an internal revenue Trust Fund Recovery Penalty erroneously and wrongfully assessed and collected by defendant without authority under internal revenue laws.

2.    Plaintiff is a resident of this judicial district who resides in Fort Collins, Larimer County, Colorado.

3.    Defendant is the United States of America.

4.    This Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1).

0795441.1

5.   Venue lies in this District pursuant to 28 U.S.C. § 1402(a)(1).

## General Allegations

6.   On or about January 1, 2007, the Internal Revenue Service assessed against plaintiff a Trust Fund Recovery Penalty under I.R.C. § 6672 for the quarterly period ending June 30, 2003, in the amount of $83,262.78, alleging that plaintiff was a responsible party for trust fund taxes owed by Firewall Forward, Inc., a company that failed to pay its federal employment taxes for several tax periods.

7.   Also on or about January 1, 2007, the Internal Revenue Service assessed against plaintiff a Trust Fund Recovery Penalty under I.R.C. § 6672 for the quarterly period ending September 30, 2003, in the amount of $52,991.72, alleging that plaintiff was a responsible party for trust fund taxes owed by Firewall Forward, Inc., a company that failed to pay its federal employment taxes for several tax periods.

8.   Plaintiff at all times disputed the allegations and protested the assessments.

9.   In late January 2007, plaintiff filed two Claims for Refund and Requests for Abatement and concurrently calculated and paid as penalty deposits the withheld tax for two quarters of taxes for one employee in the total amount of $987.22.

10.   In May 2007, defendant disallowed plaintiff's Claims for Refund and Requests for Abatement.

11.   Defendant issued a Notice of Intent to Levy on September 25, 2007, and Notice of Federal Tax Lien Filing on October 9, 2007.

12. On October 23, 2007, plaintiff filed a Form 12153, a Collection Due Process Hearing Form. Plaintiff concurrently filed this tax refund lawsuit.

13. In a letter dated November 26, 2007, defendant notified plaintiff that it had seized his 2006 tax refund and applied that overpaid tax to the alleged unpaid balance of the Trust Fund Recovery Penalty for the quarterly period ending June 30, 2003. At the time of the seizure, defendant knew that plaintiff was challenging the Trust Fund Recovery Penalty both administratively and in court.

14. In a letter dated February 14, 2008, defendant notified plaintiff that it had processed his request for adjustment dated December 6, 2007, and applied part of his refund to the alleged unpaid balance of the Trust Fund Recovery Penalty for the quarterly periods ending June 30, 2003, and September 30, 2003. At the time of the seizure, defendant knew that plaintiff was challenging the Trust Fund Recovery Penalty both administratively and in court.

### First Count - Tax refund for quarter ending 6/30/03

15. Plaintiff realleges and incorporates by reference all of the preceding allegations.

16. Pursuant to 26 U.S.C. § 7422, plaintiff files this civil action to obtain a refund of $85,811.12, which is the total of: (a) the $616.82 penalty deposit paid by plaintiff for the quarterly period ending June 30, 2003; (b) the $34,179.53 overpayment of tax seized by defendant in November 2007 and applied to the alleged unpaid balance of the Trust Fund Recovery Penalty for the quarterly period ending June 30, 2003; and (c) the $51,014.77 refund seized by defendant in February 2008 and applied to the alleged unpaid balance of the Trust Fund Recovery Penalty for the quarterly period ending June 30, 2003.

17.     Plaintiff also requests that all remaining unpaid sums in the assessment allegedly owed by plaintiff for the quarterly period ending June 30, 2003, be abated due to a finding that plaintiff is not a responsible party.

18.     Plaintiff further asks that the Court order defendant to suspend its collection efforts and to remove all federal tax liens pending the outcome of this tax refund suit.

19.     The assessment for the quarterly period ending June 30, 2003, and the findings and conclusions supporting that assessment were erroneous, unsupported by evidence, and not in accordance with the law.  In addition, defendant's position lacked substantial justification.

20.     Plaintiff is entitled to recover his costs and attorneys fees as provided in 28 U.S.C. § 2412, 5 U.S.C. § 504, and/or his reasonable litigation costs as provided in 26 U.S.C. § 7430.

21.     Plaintiff is entitled to recover interest as provided in 28 U.S.C. § 2411.

### Second Count - Tax refund for quarter ending 9/30/03

22.     Plaintiff realleges and incorporates by reference all of the preceding allegations.

23.     Pursuant to 26 U.S.C. § 7422, plaintiff files this civil action to obtain a refund of $54,583.77 which is the total of: (a) the $370.40 penalty deposit paid by plaintiff for the quarterly period ending September 30, 2003; and (b) the $54,213.37 refund seized by defendant in February 2008 and applied to the alleged unpaid balance of the Trust Fund Recovery Penalty for the quarterly period ending September 30, 2003.

24.     Plaintiff also requests that all remaining unpaid sums in the assessment allegedly owed by plaintiff for the quarterly period ending September 30, 2003, be abated due to a finding that plaintiff is not a responsible party.

25. Plaintiff further asks that the Court order defendant to suspend its collection efforts and to remove all federal tax liens pending the outcome of this tax refund suit.

26. The assessment for the quarterly period ending September 30, 2003, and the findings and conclusions supporting that assessment were erroneous, unsupported by evidence, and not in accordance with the law. In addition, defendant's position lacked substantial justification.

27. Plaintiff is entitled to recover his costs and attorneys fees as provided in 28 U.S.C. § 2412, 5 U.S.C. § 504, and/or his reasonable litigation costs as provided in 26 U.S.C. § 7430.

28. Plaintiff is entitled to recover interest as provided in 28 U.S.C. § 2411.

## Jury Demand

Pursuant to Fed. R. Civ. P. 38(b) and 28 U.S.C. § 2402, plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, plaintiff demands judgment against defendant in the amount of $140,394.89, which is the amount paid by plaintiff and collected and applied by defendant to the erroneously and wrongfully assessed Trust Fund Recovery Penalty, plus interest thereon, as well as plaintiff's costs, reasonable attorneys' fees, and/or reasonable litigation costs, and such other relief as the Court deems just and proper.

Dated this 28th day of February 2008.

                                          By:   /s/ Tracy A. Oldemeyer
                                          Tracy A. Oldemeyer, #028246
                                          CLINE, WILLIAMS, WRIGHT,
                                              JOHNSON & OLDFATHER, L.L.P.
                                          123 N. College Avenue, Suite 330
                                          Fort Collins, CO 80524
                                          (970) 221-2637
                                          Fax (970) 221-2638
                                          E-mail:  toldemeyer@clinewilliams.com
                                          Attorney for
                                          DONALD N. TARANTO, Plaintiff

## CERTIFICATE OF SERVICE

       I hereby certify that on the 28th day of February 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                Aaron M. Bailey
                U.S. Department of Justice
                Tax Division
                P.O. Box 683
                Ben Franklin Station
                Washington, D.C.  20044

                Ted H. Merriam
                Kevin A. Planegger
                Garret M. Francis
                Merriam Law Firm, P.C.
                1625 Broadway, Suite 770
                Denver, CO 80202

                Algirdas M. Liepas
                419 Canyon Avenue, Suite 215
                Fort Collins, CO 80521

                                          By:   /s/ Tracy A. Oldemeyer
                                              Tracy A. Oldemeyer, #028246