TROY A. EID
United States Attorney

AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3164

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| DONALD N. TARANTO, | ) |
| | ) |
| Plaintiff, | ) Civil No. 07-CV-02235-MSK-MJW |
| | ) |
| v. | ) |
| | ) **UNITED STATES' AMENDED ANSWER TO** |
| | ) **SECOND AMENDED COMPLAINT AND** |
| UNITED STATES OF AMERICA, | ) **COUNTERCLAIM** |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Counterclaim Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MARK SEADER, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| | ) |
| DAVID MASKELL, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| | ) |
| DONALD N. TARANTO, | ) |
| | ) |
| Counterclaim Defendant, | ) |

The United States of America (the "United States"), by and through its undersigned attorneys, hereby responds to the numbered allegations of Plaintiff's complaint as follows:

1.      The United States admits that this is a civil action against it brought under 26 U.S.C. § 7422(a) seeking a refund of a portion of a civil penalty paid to the Internal Revenue Service ("IRS") but denies that the civil penalty was erroneously or wrongly assessed or collected.

2.      The United States admits the allegations contained in paragraph 2 of the complaint.

3.      The United States admits the allegations contained in paragraph 3 of the complaint.

4.       The United States admits the allegations contained in paragraph 4 of the complaint.

5.      The United States admits the allegations contained in paragraph 5 of the complaint.

6.      The United States admits the allegations contained in paragraph 6 of the complaint.

7.      The United States admits the allegations contained in paragraph 7 of the complaint.

8.      The United States is without information sufficient to form a belief as to the allegations contained in paragraph 8 of the complaint.

9.      The United States admits the allegations contained in paragraph 9 of the complaint.

10.     The United States admits the allegations contained in paragraph 10 of the
complaint.

11.     The United States admits the allegations contained in paragraph 11 of the
complaint.

12.     The United States admits that Plaintiff filed this suit on October 23, 2007, but is
without knowledge or information sufficient to form a belief as to the truth of the
remaining allegations contained in paragraph 12 of the complaint.

13.     The United States avers that  a payment was applied to Plaintiff's trust fund
recovery penalty liability for the period ending June 30, 2003 in the amount of
$34,167.00 but is without knowledge or information sufficient to form a belief as
to the truth of the remaining allegations contained in paragraph 13 of the
complaint.

14.     The United States admits the allegations contained in paragraph 14 of the
complaint.

## First Count

15.     The United States restates the responses set forth above to the incorporated
allegations of paragraphs 1 through 14 of the Complaint.

16.     The United States admits the allegations contained in paragraph 16 of the
complaint, but avers that the assessments against Plaintiff were proper.

17.     The United States denies the allegations contained in paragraph 17 of the
complaint.

18.     The United States denies the allegations contained in paragraph 18 of the

complaint.

19.     The United States denies the allegations contained in paragraph 19 of the complaint.

20.     The United States denies the allegations contained in paragraph 20 of the complaint.

21.     The United States denies the allegations contained in paragraph 21 of the complaint.

**Second Count**

22.     The United States restates the responses set forth above to the incorporated allegations of paragraphs 1 through 21 of the Complaint.

23.     The United States admits the allegations contained in paragraph 23 of the complaint, but avers that the assessments against Plaintiff were proper.

24.     The United States denies the allegations contained in paragraph 24 of the complaint.

25.     The United States denies the allegations contained in paragraph 25 of the complaint.

26.     The United States denies the allegations contained in paragraph 26 of the complaint.

27.     The United States denies the allegations contained in paragraph 27 of the complaint.

28.     The United States denies the allegations contained in paragraph 28 of the complaint.

## COUNTERCLAIM AGAINST DONALD N. TARANTO

1.  This counterclaim is brought by the United States to reduce to judgment certain outstanding tax assessments made against counterclaim-defendant Donald N. Taranto pursuant to 26 U.S.C. § 6672.

2.  The United States counterclaims against Donald N. Taranto pursuant to Fed. R. Civ. P. 13.

3.  This counterclaim is brought pursuant to 26 U.S.C. § 7401, at the direction of the Attorney General of the United States, with the authorization and at the request of the Associate Area Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

4.  This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1340 and 1346(c) and 26 U.S.C. § 7402.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1396 because this is the district where the liability for the tax at issue accrued.

6.  During the periods set forth below in paragraphs 7-8, counterclaim-defendant Donald N. Taranto was responsible for collecting, truthfully accounting for and paying over to the United States the income and FICA taxes withheld from wages paid to employees of Firewall Forward, Inc.

7.  On about January 1, 2007, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $83, 262.78 arising under 26 U.S.C. § 6672 against counterclaim-defendant Donald N. Taranto for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes

of Firewall Forward, Inc. for the tax period ending June 30, 2003.

8. On about January 1, 2007, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $52,991.72 arising under 26 U.S.C. § 6672 against counterclaim-defendant Donald N. Taranto for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending September 30, 2003.

9. Despite proper notice and demand for payment of the assessments referred to in paragraphs 7-8 above, counterclaim-defendant Donald N. Taranto has neglected, failed, or refused to make full payment of the assessed amounts to the United States, and there remains due and owing on said assessments the sum of $88,422.96 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits.

## COUNTERCLAIM AGAINST MARK SEADER

1. This counterclaim is brought by the United States to reduce to judgment certain outstanding tax assessments made against counterclaim-defendant Mark Seader pursuant to 26 U.S.C. § 6672.

2. The United States counterclaims against Mark Seader pursuant to Fed. R. Civ. P. 13.

3. This counterclaim is brought pursuant to 26 U.S.C. § 7401, at the direction of the Attorney General of the United States, with the authorization and at the request of the Associate Area Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

4.      This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1340 and 1346(c) and 26 U.S.C. § 7402.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1396 because this is the district where the liability for the tax at issue accrued.

6.      This Court has jurisdiction over this counter-claim defendant because the counter-claim defendant's activities within this jurisdiction were related to the accrual of the federal tax liabilities at issue in this case.

7.      During the periods set forth below in paragraphs 8-13, counterclaim-defendant Mark Seader was responsible for collecting, truthfully accounting for and paying over to the United States the income and FICA taxes withheld from wages paid to employees of Firewall Forward, Inc.

8.      On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $51,289.49 arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending June 30, 2002.

9.      On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $71,407.87 arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending September 30, 2002.

10.     On about February 27, 2006, a delegate of the Secretary of the Treasury made an

assessment of a liability in the amount of $95,366.94 arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending December 31, 2002.

11.     On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $76,081.98 arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending March 31, 2003.

12.     On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $83,262.78 arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending June 30, 2003.

13.     On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $52,991.72 arising under 26 U.S.C. § 6672 against counterclaim-defendant Mark Seader for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending September 30, 2003.

14.     Despite proper notice and demand for payment of the assessments referred to in paragraphs 8-13 above, counterclaim-defendant Mark Seader has neglected, failed, or refused to make full payment of the assessed amounts to the United

States, and there remains due and owing on said assessments the sum of
$347,102.11 plus accrued statutory interest and additions from the date of the
assessments, less any payments or credits.

### COUNTERCLAIM AGAINST DAVID MASKELL

1.    This counterclaim is brought by the United States to reduce to judgment certain
outstanding tax assessments made against counterclaim-defendant David Maskell
pursuant to 26 U.S.C. § 6672.

2.    The United States counterclaims against David Maskell pursuant to Fed. R. Civ.
P. 13.

3.    This counterclaim is brought pursuant to 26 U.S.C. § 7401, at the direction of the
Attorney General of the United States, with the authorization and at the request of
the Associate Area Counsel of the Internal Revenue Service, a delegate of the
Secretary of the Treasury.

4.    This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1340
and 26 U.S.C. § 7402.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1396 because this is the
district where the liability for the tax at issue accrued.

6.    This Court has jurisdiction over this counter-claim defendant because the
counter-claim defendant's activities within this jurisdiction were related to the
accrual of the federal tax liabilities at issue in this case.

7.    During the periods set forth below in paragraphs 8-13, counterclaim-defendant
David Maskell was responsible for collecting, truthfully accounting for and

paying over to the United States the income and FICA taxes withheld from wages paid to employees of Firewall Forward, Inc.

8.    On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $51,289.49 arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending June 30, 2002.

9.    On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $71,407.87 arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending September 30, 2002.

10.    On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $95,366.94 arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending December 31, 2002.

11.    On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $76,081.98 arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending March 31, 2003.

12.   On about February 27, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $83,262.78 arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending June 30, 2003.

13.   On about March 6, 2006, a delegate of the Secretary of the Treasury made an assessment of a liability in the amount of $52,991.72 arising under 26 U.S.C. § 6672 against counterclaim-defendant David Maskell for his willful failure to collect, truthfully account for, and pay over the withheld income and FICA taxes of Firewall Forward, Inc. for the tax period ending September 30, 2003.

14.   Despite proper notice and demand for payment for the assessments referred to in paragraphs 8-13 above, counterclaim-defendant David Maskell has neglected, failed, or refused to make full payment of the assessed amounts to the United States, and there remains due and owing on said assessments the sum of $417,501.16 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits.

WHEREFORE, the United States prays for judgment in its favor and against Donald N. Taranto, Mark Seader, and David Maskell as follows:

A.   That the Court enter judgment in favor of the United States and against counterclaim-defendant Donald N. Taranto in the amount of $88,422.96 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits; and

11

B.      That the Court enter judgment in favor of the United States and against

counterclaim-defendant Mark Seader in the amount of $347,102.11 plus accrued

statutory interest and additions from the date of the assessments, less any

payments or credits; and

C.      That the Court enter judgment in favor of the United States and against

counterclaim-defendant David Maskell in the amount of $417,501.16 plus

accrued statutory interest and additions from the date of the assessments, less any

payments or credits; and

D.      That the Court award the United States such other and further relief that it deems

just and proper, including its costs and fees.


Respectfully submitted this 29th day of February, 2008.



TROY A. EID
United States Attorney


/s/ Aaron M. Bailey
AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 616-3164

<u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that I electronically filed the foregoing First Amended Answer and

Counterclaim on this 29th day of February, 2008, with the Clerk of Court using the CM/ECF

system which will send notification of this filing to the following:

>Tracy Oldemeyer
>Cline, Williams, Wright, Johnson & Oldfather, LLP
>123 North College Avenue, Suite 330
>Fort Collins, Colorado 80524
>
>Kevin  A. Planegger
>Merriam Law Firm, P.C.
>1625 Broadway, #770
>Denver, CO 80202
>
>Algirdas M. Liepas
>Algirdas M. Liepas, PC
>419 Canyon Avenue , #215
>Fort Collins, CO 80521

>>s/ Aaron M. Bailey
>>AARON M. BAILEY
>>Trial Attorney, Tax Division
>>United States Department of Justice

13