**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-02235-MSK-KMT

DONALD N. TARANTO,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

UNITED STATES OF AMERICA,

Counterclaim Plaintiff,

v.

MARK SEADER,

Counterclaim Defendant, et al.

---

PLAINTIFF'S MOTION FOR BIFURCATION OF CLAIMS INVOLVING PLAINTIFF FROM CLAIMS INVOLVING OTHER COUNTERCLAIM DEFENDANTS FOR PURPOSES OF DISCOVERY AND TRIAL

---

COMES NOW Plaintiff Donald N. Taranto ("Taranto"), pursuant to Rule 20(b) and Rule 42(b) of the Federal Rules of Civil Procedure, and hereby moves the Court to bifurcate for purposes of both discovery and trial Taranto's claims against the Defendant United States of America ("United States") and the United States' reciprocal counterclaims against Taranto from the claims

that the United States has interjected into the action by adding Counterclaim Defendants Mark Seader ("Seader") and David Maskell ("Maskell") and alleging new and separate claims against them.

Prior to filing this Motion and pursuant to D.C.COLO.LCivR7.1(A), the undersigned communicated with all counsel of record about the Motion. Aaron M. Bailey, attorney for the United States, indicated that they would oppose the Motion.

**BACKGROUND**

This is a taxpayer refund suit. Taranto seeks a refund of the tax assessments unlawfully collected from him by the United States, which erroneously designated him a responsible party from whom it can recover the unpaid employment taxes from the last two quarters in 2003 owed by Firewall Forward, Inc. ("the Two Quarters"). Unpaid employment taxes are assessed as a penalty known as a 100% Trust Fund Recovery Penalty (TFRP). A TFRP may be assessed against:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

I.R.C. § 6672(a). The person described in the foregoing Code section is commonly referred to as a responsible party.

In response to Taranto's Complaint, the United States answered and counterclaimed against Taranto for the then unpaid balance of the Two Quarters. In addition, citing Fed. R. Civ. P. 13, the United States unilaterally added two counterclaim defendants, Seader and Maskell, to Taranto's taxpayer refund suit. The United States alleged not only that Seader and Maskell are also

responsible parties for the Two Quarters, but also added new claims against Seader and Maskell for four preceding quarters.

The three counterclaim defendants deny all liability and do not assert claims against each other.

**ARGUMENT**

Taranto's taxpayer refund suit is a straightforward case, the success of which depends on whether he is determined to be a responsible party for the Two Quarters based on evidence of his interaction with Firewall Forward, Inc. The United States' claims against the other counterclaim defendants are each separate and distinct, each claim rising and falling based upon the facts relating to responsible party status of each individual and the quarters at issue. Liability for the Two Quarters is not joint and several.

Pursuant to Rule 20, which governs permissive joinder of parties, and more specifically, subsection (b) which pertains to protective measures, this Court "may issue orders - including an order for separate trials - to protect a party against . . . delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b). Similarly, Rule 42(b) which pertains to separate trials allows this Court "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, . . . [or] counterclaims." Fed. R. Civ. P. 42(b).

This Court possesses broad discretion to sever issues or claims and order separate trials. See Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1285 (10th Cir. 1999). The decision to order separate trials depends on the facts and circumstances of each particular case. See Alexander v. Fulton

County, Ga., 207 F.3d 1303, 1324-25 (11th Cir. 2000). Similarly, the decision whether to bifurcate discovery of different claims lies within the sound discretion of the trial court. See Riddle v. Royal Indem. Co., No. 3:05CV-540-S, 2007 WL 542389, at *1[1] (citing Smith v. Allstate Ins. Co., 403 F.3d 401, 407 (6th Cir. 2005)); see also McLaughlin v. State Farm Mut. Auto. Ins. Co., 30 F.3d 861, 870 (7th Cir. 1994). In determining whether bifurcation of discovery is appropriate, courts should consider several factors, including the separability of the issues, simplification of discovery, conservation of resources, and prejudice to the parties. See Mullally v. Jones, No. 2:05CV00154, 2007 WL 1213704, at *3 (D. Nev. April 24, 2007).

One of the purposes of Rule 42(b) is to permit deferral of costly and potentially unnecessary discovery proceedings and efforts. See Mullally, 2007 WL 1213704, at *3. Bifurcation of claims for purposes of discovery is permissible where doing so will serve judicial economy and avoid unfairly prejudicing any party. See Riddle, 2007 WL 542389, at *1 (citing Hines v. Joy Mfg. Co., 850 F.2d 1146, 1152 (6th Cir. 1988)).

Joinder of additional parties following the commencement of an action does not bar other parties from later moving for separate trials pursuant to Rule 20(b) or Rule 42(b) when the facts warrant bifurcation. See Kohn v. Am. Housing Found. I, Inc., 170 F.R.D. 474, 476 (D. Colo. 1996). Separate trials are particularly appropriate where, as here, the interests of judicial expedition and economy "favor separation of issues and the issues are clearly separable." Angelo v. Armstrong

---

[1] As required by D.C.COLO.LCivR 7.1(D), copies of all unpublished opinions cited herein are attached to this Motion.

World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993); see, e.g., Palace Exploration Co. v. Petroleum Devel. Co., 316 F.3d 1110, 1119 (10th Cir. 2003).

The United States must prove each counterclaim defendant is individually a responsible party for the Two Quarters, and additionally, with respect only to Seader and Maskell, whether either or both are responsible parties for the four quarters in the preceding year.

As stated in Taranto's Answer to Counterclaim (Filing No. 17, ¶8), the United States' larger and independent claims against Seader and Maskell should not be part of Taranto's taxpayer refund suit relating to the Two Quarters. The facts underlying alleged liability will be different as to each purported responsible party. Keeping the claims together risks confusion of the issues by the jury and creates the potential for prejudice with respect to evidence that may be admissible against one counterclaim defendant, but not the other two.

In addition, Taranto's taxpayer refund suit should not be delayed by the United States' decision to add two counterclaim defendants and additional claims, instead of pursuing those claims in separate lawsuits. The deadlines set forth in the Court's Scheduling Order entered January 17 (Filing No. 20) were set in Taranto's case and were agreed to by both Taranto and the United States. Seader and Maskell were not parties to the conference and did not participate in establishing those deadlines. Their absence was discussed at the Scheduling Conference, and as the minute order (Filing No. 22 at 1) reflects, the Court participated in "[d]iscussions regarding service of proposed indispensable parties." Taranto and the United States have followed the deadlines in the Scheduling Order, already exchanging Rule 26 disclosures and written discovery. Taranto and the United States are under an order to attend a settlement conference on April 22, 2008. (Filing No. 23). Although

Seader and Maskell should not be held to deadlines that they did not set, the United States should be bound by deadlines that it agreed to and followed.

Without the requested bifurcation, the United States' unilateral joinder will unreasonably expand the scope of and unnecessarily complicate the discovery in Taranto's taxpayer refund suit. Taranto should not be required to participate in the United States' thorough and detailed depositions of Seader and Maskell wherein the United States seeks facts related to whether Seader and Maskell may be responsible parties and for which quarters. Such issues are not relevant to Taranto's potential liability. The United States' counterclaims against Seader and Maskell are separate and distinct, and relate to a much larger time frame.

Principles of judicial expediency and economy warrant separation of Taranto's taxpayer refund suit from the United States' counterclaims against Seader and Maskell for both discovery and trial. To prevent prejudice by delay and additional expense to Taranto, Taranto's request for bifurcation should be granted. This Court should exercise its broad discretion and order bifurcated discovery and separate trials to prevent such prejudice in this action. See Anaeme, 164 F.3d at 1285.

WHEREFORE, Plaintiff Donald N. Taranto respectfully requests that the Court grant his Motion and order bifurcated discovery and separate trials on the claims asserted by and against Plaintiff and Counterclaim Defendant Taranto.

Dated this 17th day of March, 2008.

By: /s/ Tracy A. Oldemeyer
Tracy A. Oldemeyer, #028246
CLINE, WILLIAMS, WRIGHT,
JOHNSON & OLDFATHER, L.L.P.
123 N. College Avenue, Suite 330
Fort Collins, CO 80524
Telephone: (970) 221-2637
Facsmile: (970) 221-2638
E-mail: toldemeyer@clinewilliams.com
Attorney for
DONALD N. TARANTO, Plaintiff

**CERTIFICATE OF SERVICE**

I, Tracy A. Oldemeyer, hereby certify that on March 17, 2008, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to the following:

Aaron M. Bailey
U.S. Department of Justice
Tax Division
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044

Ted H. Merriam
Kevin A. Planegger
Garret M. Francis
Merriam Law Firm, P.C.
1625 Broadway, Suite 770
Denver, CO 80202

Algirdas M. Liepas
419 Canyon Avenue, Suite 215
Fort Collins, CO 80521

By: /s/ Tracy A. Oldemeyer
Tracy A. Oldemeyer, #028246