TROY A. EID
United States Attorney

AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3164

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| DONALD N. TARANTO, | ) |
| | ) |
| Plaintiff, | ) Civil No. 07-CV-02235-MSK-MJW |
| | ) |
| v. | ) |
| | ) **UNITED STATES' OPPOSITION TO** |
| UNITED STATES OF AMERICA, | ) **MOTION FOR BIFURCATION** |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Counterclaim Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MARK SEADER, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| | ) |
| DAVID MASKELL, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| | ) |
| DONALD N. TARANTO, | ) |
| | ) |
| Counterclaim Defendant, | ) |

The United States of America ("United States"), by and through undersigned counsel, hereby submits this opposition to plaintiff's Motion for Bifurcation of Claims Involving Plaintiff from Claims Involving other Counterclaim Defendants for Purposes of Discovery and Trial [Rec. Doc. #38]. In opposition to this motion, the United States submits as follows:

Plaintiff Donald N. Taranto seeks to bifurcate the adjudication of his claim for refund pursuant to I.R.C. § 7422(a) and the counterclaim of the United States against him pursuant to I.R.C. § 6672 from the United States counterclaims against David Maskell and Mark Seader pursuant to I.R.C. § 6672. This motion should be denied for the following reasons:

1. The common facts, witnesses, documentary evidence and common questions of law presented in this case militate against separation as it would create duplicative litigation and waste judicial resources.

2. Multiple trials of the claims in this case could produce inconsistent results and contradictory findings.

## BACKGROUND

This matter involves the assessments of civil penalties against Donald Taranto, David Maskell, and Mark Seader, ("the Counterclaim Defendants") pursuant to 26 U.S.C. § 6672. The assessments were made on the following determinations: (1) that the Counterclaim Defendants were persons responsible for paying to the United States the federal withholding taxes of Firewall Forward Aircraft Engines, Inc. for the some or all of the tax periods ending June 30, 2002, September 30, 2002, December 31, 2002, March 31, 2003, June 30, 2003, and September 30, 2003; (2) that the Counterclaim Defendants had knowledge that those taxes were not paid, and (3) that the Counterclaim Defendants wilfully failed to ensure that those taxes were paid at a

time when funds were available to pay those taxes to the United States but were used for other purposes.

The Counterclaim Defendants were involved, in varying capacities, in the operation of an aviation-related business enterprise doing business under the names Firewall Forward Aircraft Engines, Inc. and Firewall Forward, Inc. ("Firewall Forward").  Donald Taranto ("Taranto") became involved with Firewall Forward as early as 2000 or 2001, during which time Taranto, among others, created several "Firewall" shell entities, including Firewall Forward Technologies, LLC, Firewall Forward Investments, LLC (Eagle Air Investments), and Firewall Forward International, LLC, associated with his investment in Firewall Forward. See Corporate Documentation, attached hereto as Exhibit A.  Beginning in or about the second quarter of 2002, Firewall Forward became delinquent on its payroll taxes.  Firewall Forward's failure to pay employment taxes during the last three quarters of 2002 and the first three quarters of 2003 resulted in the imposition of penalties against Counterclaim Defendants under the Trust Fund Recovery Statute, I.R.C. § 6672.

Plaintiff Taranto initiated the current litigation by filing suit seeking a refund of these tax penalties and an abatement of the unpaid balance of the penalties.  Taranto argues that he is not a "responsible party" as defined by I.R.C. § 6672 for the penalties assessed against him for failure to collect employment taxes.

## ARGUMENT

### 1.  The Bifurcation of Claims in this Suit would Lead to the Very Kind of Unnecessary Cost and Waste of Judicial Resources Rule 42 is Designed to Limit.

Bifurcation of claims in this case would lead to almost wholly duplicative discovery and trials, producing the very result Rule 42(b) is designed to avoid.  Plaintiff notes that one purpose

of "Rule 42(b) is to permit deferral of costly and potentially unnecessary discovery proceedings and efforts." Motion for Bifurcation, at 4. The witnesses that the United States intends to depose and potentially call at trial are the same for each Counterclaim Defendant.  For example, the twelve witnesses listed by the United States in its initial disclosures are believed to have knowledge of the status, authority and actions of each of the Counterclaim Defendants with respect to Firewall Forward. See United States' First Amended Initial Disclosures, attached hereto as Exhibit B.   The documentary evidence related to the liability of each defendant overlaps substantially as well.  For example, the financial records of Firewall Forward and its related shell entities will be at issue for the claims related to each of the Counterclaim Defendants.  The assessments against Taranto are for the second and third quarters of 2003, which are also periods for which Maskell and Seader have also been assessed penalties.  Taranto's conduct prior to those periods, including his creation of the Firewall shell entities, also may be probative of his continuing status and authority with respect to Firewall Forward for the quarters for which he was assessed.

The existence of common questions of law and fact are generally requisites for consolidation of proceedings.  In this instance, plaintiff seeks a separate trial of claims already joined and where common questions of law and fact are abundant.  Therefore, the court should deny plaintiff's motion.

**2. Bifurcation Could Produce the Inconsistent Results Rule 42(a) Seeks to Avoid**

The first subsection of Rule 42 provides for consolidation of claims where "actions involve a common question of law or fact[.]" Consolidation of such claims "may tend to avoid

unnecessary costs or delay."[1]  As noted above, separation of the currently joined claims would produce just this result because of the duplicative discovery that would be entailed.  Moreover, "[o]ne of the primary objectives of [the drafters of Rule 42 is also] to prevent separate actions from producing conflicting results." Bank of Montreal v. Eagle Associates, 117 F.R.D. 530, 533 (S.D.N.Y. 1987).  Bifurcation would create the risk of producing inconsistent or conflicting results.

Plaintiff incorrectly asserts that liability is not joint and several under the Trust Fund Recovery statute. Motion for Bifurcation at p. 3.  There can be more than one responsible person within a corporation. Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir. 1976). "[R]esponsible persons under Section 6672 are held jointly and severally liable for the underlying withholding tax delinquency." USLIFE Title Ins. Co. of Dallas v. Harbison, 784 F.2d 1238, 1243 (5th Cir. 1986) (citations omitted).  "Therefore, the fact that more than one person is responsible for a particular delinquency does not relieve another responsible person of her personal liability, nor can a responsible person avoid collection against herself on the ground that the Government should first collect the tax from someone else."  Id. (citing Hornsby v. United States, 588 F.2d 952, 954 (5th Cir.1979)).

Bifurcation of the claims at issue in this case not only runs the risk *creating* confusion rather than preventing confusion, as suggested by plaintiff, but also of producing separate trials

---

[1] In his motion, plaintiff appears to assume that David Maskell and Mark Seader are joined pursuant to Rule 20.  It is the position of the United States that Maskell and Seader are joined pursuant to Rule 13(h) and Rule 19.  Rule 19(a)(1)(A) allows for the joinder of parties in the absence of which "the court cannot accord complete relief among the existing parties[.]" The controversy that forms the basis for this case is the failure of Firewall Forward, Inc. to pay its employment taxes.  It is the contention of the United States that Maskell, Seader and Taranto were all responsible for this failure.  Complete relief, therefore, must involve the recovery of those taxes through the reduction of Section 6672 assessments to judgment against all assessed parties.

with inconsistent results. It is quite possible, for example, that a jury could find that Taranto is not liable, while a second jury could view the same evidence as damning of Taranto and exculpatory for the party to the second suit. Thus, separate trials would create the danger of a "whipsaw" effect in which two juries assign no liability to the Counterclaim Defendant in the respective cases based upon evidence that a non-party was responsible.

Plaintiff has made no showing that prejudice would result in the absence of bifurcation. Furthermore, any confusion or potential for prejudice is easily remedied by appropriate instructions at the time of trial. Central Motor Co. v. United States, 583 F.2d 470, 488 (10th Cir. 1978); Grissom v. Union Pacific R.R., 14 F.R.D. 263, 265 (D. Colo. 1953).

WHEREFORE, the United States requests that the Motion to Bifurcate be denied.

Respectfully submitted this 27th day of March, 2008.

TROY A. EID
United States Attorney

/s/ Aaron M. Bailey
AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3164

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the above motion as of this 27th day of March, 2008, been effected upon petitioner by depositing a copy in the United States mail at Washington, D.C., postage paid, addressed to petitioner at the following address:

    Tracy Oldemeyer
    Cline, Williams, Wright, Johnson & Oldfather, LLP
    123 North College Avenue, Suite 330
    Fort Collins, Colorado 80524

    Algirdas M. Liepas
    Algirdas M. Liepas, P.C.
    419 Canyon Avenue, Suite 215
    Fort Collins, CO 80521

    Ted Merriam
    Kevin A. Planegger
    Garret Francis
    Merriam Law Firm
    1625 Broadway, #770
    Denver, CO 80202

                                          /s/ Aaron M. Bailey
                                          AARON M. BAILEY
                                          Trial Attorney, Tax Division
                                          United States Department of Justice