# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02235-MSK-KMT

DONALD N. TARANTO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

UNITED STATES OF AMERICA,

    Counterclaim Plaintiff,

v.

MARK SEADER,

    Counterclaim Defendant, et al.

---

### PLAINTIFF'S REPLY TO THE RESPONSES/OPPOSITIONS TO PLAINTIFF'S MOTION FOR BIFURCATION OF CLAIMS INVOLVING PLAINTIFF FROM CLAIMS INVOLVING OTHER COUNTERCLAIM DEFENDANTS FOR PURPOSES OF DISCOVERY AND TRIAL

---

Plaintiff Donald N. Taranto ("Taranto") submits this Reply to the Responses and Oppositions to his Motion for Bifurcation filed by the United States (Filing No. 40) and Mark Seader (Filing No. 42).

0811279.1

The success of Taranto's taxpayer refund suit depends on whether he is determined to be a responsible party from whom the government may collect two quarters of unpaid employment taxes owed by Firewall Forward Aircraft Engines, Inc. The two quarters at issue are the quarters ending June 30, 2003, and September 30, 2003 ("the Two Quarters"). Taranto's liability as a responsible party under I.R.C. § 6672(a) requires a determination that he was, during the relevant time frame:

(a) a responsible person for collecting, truthfully accounting for, and paying over the tax; and

(b) who willfully failed to collect or account for and pay over the tax.

Throughout this reply, these two elements are referred to as "responsibility" and "willfulness."

There may be more than one responsible party for each of the Two Quarters. In fact, the United States alleges that there are at least two more responsible parties for the Two Quarters, counterclaim defendants Seader and Maskell. If a factfinder determines that more than one individual had both "responsibility" and "willfulness" for the Two Quarters, then the liability of those individuals is joint and several. It is possible that a factfinder could determine that Taranto did not have "responsibility" and/or "willfulness" for either of the two or for one of the Two Quarters. It is also possible that the factfinder could determine that the only responsible party for the Two Quarters *was someone other than* Taranto, Seader, and Maskell.

The United States' claims against Seader and Maskell are different that those against Taranto. In addition to the Two Quarters, the United States alleges Seader and Maskell are responsible parties for four additional quarters ending June 30, 2002, September 30, 2002, December 31, 2002, and March 31, 2003 ("the Other Four Quarters"). The United States' claims against Seader and Maskell relate to a time frame at least one year before the time frame relevant to Taranto.

The I.R.S. originally intended to assess the Other Four Quarters against Taranto (See Exhibit A attached hereto, correspondence dated October 28, 2005), but during the appeals process, the administrative determination was to drop the Other Four Quarters (See Exhibit B attached hereto, correspondence dated November 29, 2006), apparently while continuing to pursue collection of the Other Four Quarters from Seader and Maskell.

The United States' opposition to bifurcation of Taranto's claims ignores the significant impact of the final administrative determination. The United States argues: "Taranto's conduct prior to those periods [the second and third quarters of 2003], including his creation of the Firewall shell entities also may be probative of his continuing status and authority with respect to Firewall Forward for the quarters for which he was assessed." (Filing No. 40 at 4) The United States cannot prove Taranto's "responsibility" and "willfulness" for the Two Quarters in the middle of 2003 based on actions or events that occurred in late 2002 - the very same actions or events that the I.R.S. already determined were **insufficient** for it to assess responsible party status against Taranto for the Other Four Quarters. If the events or actions occurring in 2002 did not permit a determination of responsible party status for 2002, then those same events or actions cannot not permit a determination of responsible party status for 2003.

In addition, the United States' references to "Firewall shell entities" is misleading and implies something less than legitimate purposes. The employment taxes at issue relate to **one legal entity**, the corporation known as Firewall Forward Aircraft Engines, Inc. (See Exhibit C attached hereto, the Articles of Organization), doing business as Firewall Forward, Inc. (See Exhibit D

attached hereto, the Statement of Trade Name Registration), with Employer Identification Number 84-0952411 (See Exhibits A and B at , and Exhibit E at 1 and 2).

The United States makes a bald assertion that: "Taranto, among others, created several ***'Firewall' shell entities***, including Firewall Forward Technologies, LLC, Firewall Forward Investments, LLC (Eagle Air Investments), and Firewall Forward International, LLC, ***associated with his investment in Firewall Forward***." (Filing No. 40 at 3) (emphasis added). The United States then attaches several corporate formational documents related to these entities. However, the supporting documentation does not support the erroneous assertion by the United States that these other entities are anything less than legitimate businesses, each with their own distinct purpose, but which also happen to use the words "Firewall Forward" in their name.

Further, those other entities had nothing to do with any purported "investment [by Taranto] in Firewall Forward. The only owner of Firewall Forward Aircraft Engines, Inc. in 2002 and 2003 was Seader. (See Exhibit E attached hereto, K-1s for Firewall Forward Aircraft Engines, Inc.) There was never an "investment" in Firewall Forward Aircraft Engines, Inc. by Taranto.

A determination of the "responsibility" and "willfullness" of Taranto, Seader, and Maskell is dependant upon each individual's status, duty, and authority as to Firewall Forward Aircraft Engines, Inc. The facts and circumstances for each individual are different and the relevant timeframe for Taranto is different.

With respect to trial, the United States' larger and independent claims against Seader and Maskell should not be part of Taranto's taxpayer refund suit relating to the Two Quarters. What might be a two day trial on Taranto's claim could blossom into a week long or more trial, at

considerable delay and additional expense to Taranto. Keeping the claims together risks confusion of the issues by the jury and creates the potential for prejudice with respect to evidence that may be admissible against the other counterclaim defendants relating to 2002, but not Taranto as to 2003.

With respect to discovery, the United States' unilateral joinder of Seader and Maskell will unreasonably expand the scope of and unnecessarily complicate the discovery in Taranto's taxpayer refund suit. Taranto should not be required to participate in any depositions that relate to whether Seader and Maskell may be responsible persons for unpaid employment taxes of Firewall Forward Aircraft Engines, Inc. dating back to 2002. The United States' counterclaims against Seader and Maskell are separate and distinct, and relate to a much larger time frame.

Resolution of Taranto's taxpayer refund suit should not be delayed by the United States' decision to add two counterclaim defendants and additional claims, instead of pursuing those claims in separate lawsuits. The deadlines set forth in the Court's Scheduling Order entered January 17, 2008, (Filing No. 20) were set in Taranto's case and were agreed to by both Taranto and the United States. The United States, Seader, and Maskell have filed a Joint Motion to Vacate the Scheduling order (Filing No. 43), which Taranto will oppose. Decisions made by the United States should not prejudice Taranto, who is entitled to have his case promptly and expeditiously heard.

WHEREFORE, Plaintiff Donald N. Taranto respectfully requests that the Court grant his Motion and order bifurcated discovery and separate trials on the claims asserted by and against Taranto.

Dated this 11th day of April, 2008.

By:   /s/ Tracy A. Oldemeyer
Tracy A. Oldemeyer, #028246
CLINE, WILLIAMS, WRIGHT,
  JOHNSON & OLDFATHER, L.L.P.
123 N. College Avenue, Suite 330
Fort Collins, CO 80524
Telephone: (970) 221-2637
Facsimile: (970) 221-2638
E-mail: toldemeyer@clinewilliams.com
Attorney for
DONALD N. TARANTO, Plaintiff

## **CERTIFICATE OF SERVICE**

I, Tracy A. Oldemeyer, hereby certify that on April 11, 2008, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to the following:

Aaron M. Bailey
U.S. Department of Justice
Tax Division
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044

Ted H. Merriam
Kevin A. Planegger
Garret M. Francis
Merriam Law Firm, P.C.
1625 Broadway, Suite 770
Denver, CO 80202

Algirdas M. Liepas
419 Canyon Avenue, Suite 215
Fort Collins, CO 80521

By:   /s/ Tracy A. Oldemeyer
Tracy A. Oldemeyer, #028246