**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-02235-MSK-KMT

DONALD N. TARANTO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

UNITED STATES OF AMERICA,

    Counterclaim Plaintiff,

v.

MARK SEADER,

    Counterclaim Defendant, et al.

---

**PLAINTIFF'S RESPONSE TO JOINT MOTION TO VACATE SCHEDULING ORDER
OR ALTERNATIVELY CONVERT SETTLEMENT CONFERENCE
TO SCHEDULING CONFERENCE**

---

Plaintiff Donald N. Taranto ("Taranto") submits this Response in opposition to the Joint Motion to Vacate Scheduling Order or Alternatively Convert Settlement Conference to Scheduling Conference ("Joint Motion") (Filing No. 43). Since the filing of the Joint Motion, the Court on its own motion vacated the Settlement Conference originally scheduled for April 22, 2008, (See Filing

0815939.1

No. 20, ¶11(a) and Filing No. 45 (Minute Order)). The parties, per the Court's instruction, agreed to a status conference on May 5, 2008. (Filing Nos. 45 and 46). Although the part of the Joint Motion relating to the Settlement Conference is now moot as a result of the Court's Minute Order vacating the same (Filing No. 45), Taranto seeks a prompt rescheduling of the Settlement Conference. In addition, for the reasons set forth herein, Taranto opposes paragraph 8 of the Joint Motion which seeks to alter the current deadlines in the existing Scheduling Order (Filing No. 20).

Still pending before the Court is Taranto's Motion for Bifurcation of Claims involving Plaintiff from Claims Involving Counterclaim Defendants for Purposes of Discovery and Trial ("Motion to Bifurcate") (Filing No. 38). As argued in that Motion and Reply, the deadlines set forth in the Court's Scheduling Order entered January 17, 2008, (Filing No. 20) were set in Taranto's case and were agreed to by both Taranto and the United States. Seader and Maskell were not parties to the conference and did not participate in establishing those deadlines. Their absence was discussed at the Scheduling Conference, and as the Minute Order (Filing No. 22 at 1) reflects, the Court participated in "[d]iscussions regarding service of proposed indispensable parties." Taranto and the United States have followed the deadlines in the Scheduling Order, already exchanging Rule 26 disclosures and written discovery. Although Seader and Maskell should not be held to deadlines that they did not set, the United States should be bound by deadlines that it agreed to and followed. Decisions made by the United States to add counterclaim defendants should not prejudice taxpayer Taranto, who is entitled to have his case promptly and expeditiously heard, especially when the United States has seized from him over $140,000.00. (See Second Amended Complaint, Filing No. 33 ¶¶ 16 and 23).

In addition, the discovery as outlined by Taranto and the United States is going forward. The United States of America has arranged to take the depositions of three of the four depositions anticipated (See Filing No. 20 ¶ 8(e) - Plaintiff Taranto and counterclaim defendants Seader and Maskell) on May 12, 13, and 14. The United States and Taranto have also already exchanged responses to written discovery. In light of this progress, there is no reason for delay of the existing deadlines as to Taranto's claims.

Lastly, also as argued in the Motion to Bifurcate, the United States' claims against Seader and Maskell are different than those against Taranto. A determination of the "responsibility" and "willfullness" of Taranto, Seader, and Maskell is dependant upon each individual's status, duty, and authority as to Firewall Forward Aircraft Engines, Inc. The facts and circumstances for each individual are different and the relevant timeframe for Taranto is different. The United States' larger and independent claims against Seader and Maskell should not be part of Taranto's taxpayer refund suit relating to the Two Quarters. What might be a two day trial on Taranto's claim could blossom into a week long or more trial, at considerable delay and additional expense to Taranto. Keeping the claims together risks confusion of the issues by the jury and creates the potential for prejudice with respect to evidence that may be admissible against the other counterclaim defendants relating to 2002, but not Taranto as to 2003. The United States' counterclaims against Seader and Maskell are separate and distinct, and relate to a much larger time frame than the claims against Taranto.

WHEREFORE, Plaintiff Donald N. Taranto respectfully requests that the Court deny the Joint Motion as to the claims against Taranto and reschedule the Settlement Conference between the United States and Taranto.

Dated this 28th day of April, 2008.

                By:    /s/ Tracy A. Oldemeyer
                      Tracy A. Oldemeyer, #028246
                      CLINE, WILLIAMS, WRIGHT,
                        JOHNSON & OLDFATHER, L.L.P.
                      123 N. College Avenue, Suite 330
                      Fort Collins, CO 80524
                      Telephone:  (970) 221-2637
                      Facsimile:  (970) 221-2638
                      E-mail:  toldemeyer@clinewilliams.com
                      Attorney for
                      DONALD N. TARANTO, Plaintiff

## CERTIFICATE OF SERVICE

I, Tracy A. Oldemeyer, hereby certify that on April 28, 2008, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to the following:

>Aaron M. Bailey
>U.S. Department of Justice
>Tax Division
>P.O. Box 683
>Ben Franklin Station
>Washington, D.C.  20044
>
>Ted H. Merriam
>Kevin A. Planegger
>Garret M. Francis
>Merriam Law Firm, P.C.
>1625 Broadway, Suite 770
>Denver, CO 80202
>
>Algirdas M. Liepas
>419 Canyon Avenue, Suite 215
>Fort Collins, CO 80521

By:   /s/ Tracy A. Oldemeyer
      Tracy A. Oldemeyer, #028246