TROY A. EID
United States Attorney

AARON M. BAILEY
PHILIP BLONDIN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3164

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF COLORADO

| | |
|---|---|
| DONALD N. TARANTO, | ) |
| | ) |
| Plaintiff, | ) Civil No. 07-CV-02235-MSK-KMT |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Counterclaim Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MARK SEADER, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| | ) |
| DAVID MASKELL, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| | ) |
| DONALD N. TARANTO, | ) |
| | ) |
| Counterclaim Defendant. | ) |

**United State's Reply to Plaintiff's Response to Joint Motion to Vacate Scheduling Order or Alternatively Convert Settlement Conference to Scheduling Conference**

The United States of America, by and through undersigned counsel, submits this Reply to Plaintiff/Counterclaim Defendant Donald Taranto's ["Taranto"] Response to the Joint Motion to Vacate Scheduling Order or Alternatively Convert Settlement Conference to Scheduling Conference [Rec. Doc. 49].

Taranto misapprehends the nature of the United States' claims and continues to mischaracterize the original position of the United States with regard to discovery. Taranto states correctly that the United States agreed to the current scheduling order. Taranto also incorrectly implies that the United States did so without qualification. The United States specifically noted that it believed the issue of scheduling would need to be revisited in Section 10(a) of the Proposed Scheduling Order submitted on January 7, 2008 [Rec. Doc. 14]. The United States reiterated this position in open court during the January 17, 2008 Scheduling Conference held before Magistrate Judge Tafoya. At no time did the United States agree to a separate scheduling order with respect to Taranto.

There should be a single scheduling order because there is a single controversy in this case - who was responsible for the payment of the employment taxes of Firewall Forward, Inc. Taranto's claims and those of the government are not, as he would have the court believe, dependant on a completely isolated set of facts. Rather, the case against each of the Counterclaim Defendants arises from the very same basic set of facts and circumstances. While each defendant's liability may be impacted by certain facts unique to the individual, there is a common nucleus of operative facts that is relevant to each individual's liability or to the

discovery of relevant evidence.

Donald Taranto, Mark Seader and David Maskell were all involved in various capacities with Firewall Forward, Inc. during the years 2002 and 2003, encompassing all periods at issue in this case. Donald Taranto appears to have been a 25% owner/investor in the company at least as early as 2001 [See Financial Statement of Donald Taranto, produced by Plaintiff and attached hereto as Exhibit A]. The nature of Taranto's relationship with the company, his investments, positions held and knowledge of its dealings will be at issue whether a trial proceeds with him individually or with other defendants. Those dealings extend to a period that encompasses all the periods at issue for the other Counterclaim Defendants. Moreover, his business relationships with the other Counterclaim Defendants, during all periods in question, will also still be at issue. Evidence of one party's liability may be exculpatory for another, or may tend to show that all three Counterclaim Defendants were responsible parties under Section 6672. The operative facts of the case with respect to Taranto and the operative facts related to the other parties are thus inextricably intertwined.

The United States has attempted to act diligently in compliance with the original discovery order. This does not mean, as Taranto suggests, that the original schedule is feasible. The other Counterclaim Defendants have not yet served written discovery and may wish to do so. Taranto's Motion for Bifurcation has delayed the court's ruling on this issue. In the intervening period, the parties' proposed deadline for service of written discovery has passed. The other parties should not be penalized for Taranto's recalcitrance with regard to joint trial of his claims.

Other than self-serving speculation as to the length or nature of a trial, Taranto has also

failed to show how the schedule proposed by the other parties would prejudice his claim or prevent him from fairly preparing and presenting his case.  Even if the Court were to grant Taranto's motion for a bifurcation of his claims, adoption of the new scheduling order would not serve to prejudice Taranto's case.  No trial date has been set.  Moreover, Taranto's claims include a claim for interest.  Mere passage of additional time will be at no cost to Taranto if his refund suit is successful.

WHEREFORE, the United States requests that the parties' joint motion to vacate the Scheduling Order be granted and that a new scheduling order issue.

Respectfully submitted this 30th day of April, 2008.

                TROY A. EID
                United States Attorney


                /s/ Aaron M. Bailey
                AARON M. BAILEY
                PHILIP BLONDIN
                Trial Attorneys, Tax Division
                U.S. Department of Justice
                Post Office Box 683
                Ben Franklin Station
                Washington, D.C.  20044
                Telephone: (202) 616-3164

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 30th day of April, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Tracy Oldemeyer
    Cline, Williams, Wright, Johnson & Oldfather, LLP
    123 North College Avenue, Suite 330
    Fort Collins, Colorado 80524

    Algirdas M. Liepas
    Algirdas M. Liepas, P.C.
    419 Canyon Avenue, Suite 215
    Fort Collins, CO 80521

    Ted Merriam
    Kevin A. Planegger
    Garret Francis
    Merriam Law Firm
    1625 Broadway, #770
    Denver, CO 80202

    /s/ Aaron M. Bailey
    AARON M. BAILEY
    Trial Attorney, Tax Division
    United States Department of Justice