DAVID M. GAOUETTE
Acting United States Attorney

AARON M. BAILEY
JAMES E. WEAVER
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3164

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02235-MSK-KMT

DONALD N. TARANTO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

UNITED STATES OF AMERICA,

    Counterclaim Plaintiff,

v.

DAVID MASKELL,

    Counterclaim Defendant.

//

**(Caption continued on next page)**

**UNOPPOSED MOTION
(1) FOR PERSON WITH FINAL SETTLEMENT AUTHORITY FOR THE UNITED STATES TO BE AVAILABLE TELEPHONICALLY FOR FINAL PRE-TRIAL CONFERENCE; AND
(2)  FOR EXPEDITED CONSIDERATION OF MOTION**

The United States of America, by and through its undersigned counsel, respectfully moves the Court to allow the person with final settlement authority for the United States to be available for consultation by telephone in connection with the Final Pre-trial Conference scheduled for February 25, 2009 in the above-captioned case in lieu of appearing in person for the conference.  This method was used at an earlier settlement conference in this case before United States Magistrate Judge Tafoya and the United States reached settlements with two of the three parties at that conference.  The undersigned trial attorney, who has primary responsibility for this case, as well as co-counsel, will appear in person at the Final Pre-trial Conference.  The United States sets forth the following bases in support of the relief requested.

1. Under 26 U.S.C. § 7122, settlement authority for this case rests with the Attorney General of the United States or his delegate.  The case may be settled by delegates of the Attorney General only in accordance with regulations published in 28 C.F.R. §§ 0.70, 0.160, 0.162, 0.164, 0.166, and 0.168, and Tax Division Directive No. 135, published in 72 Fed. Reg. 65457 (11/21/2007), to be codified as 28 C.F.R. Part O, Subpart Y, Appendix, as effective on November 21, 2007 ("Settlement Regulations").  Justice Department regulations confining settlement authority to selected officers and officials are valid and binding.  *See White v. United*

*States Dep't of Interior*, 639 F. Supp. 82, 88-90 (M.D. Pa. 1986); *Bohlen v. United States*, 623 F. Supp. 595, 596-97 (C.D. Ill. 1985).  Pursuant to the Settlement Regulations, Richard R. Ward, Chief of the Tax Division's Civil Trial Section for the Western Region, is authorized to accept or reject settlement offers in this case.  Mr. Ward is not permitted to delegate such authority to any trial attorney of record in the case.

2. Mr. Ward's office is in Washington, D.C., and he currently supervises 29 trial attorneys, two assistant chiefs and other staff.  He is directly responsible for more than 600 active cases assigned to trial attorneys in his office, approximately 700 additional cases pending in the Tax Divisions of the United States Attorneys' Offices in Los Angeles and San Francisco, and many more tax cases that are handled by Assistant United States Attorneys and Special Assistant United States Attorneys throughout the Western Region.  Accordingly, it is not feasible for Mr. Ward to appear in person for every case he is authorized to settle.  *See In re Stone*, 986 F.2d 898, 904-05 (5th Cir. 1993).[1]

---

[1] Moreover, a routine requirement to have a Government representative with full settlement authority attend settlement conferences would be inconsistent with the Judicial Improvements Act of 1990.  That Act authorizes the district courts to adopt "civil justice expense and delay reduction plans," which may include a requirement that "representatives of the parties with authority to bind them in settlement discussions" be "present or available by telephone" during any settlement conference.  28 U.S.C. § 473(b)(5).  However, the Act further provides that "[n]othing in [such] plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, **or any delegation of the Attorney General**."  28 U.S.C. § 473(c) (emphasis added).  The Senate Report on the Act, moreover, amply demonstrates Congress' belief that the federal Government is in a different position than private parties or corporations with respect to settlement authority.  In this regard, the Committee stated that "those district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice.  The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in

3. The Tax Division of the United States Department of Justice is committed to the just and efficient resolution of all cases involving the United States. In accordance with the regulations promulgated by the Attorney General, the Tax Division has adopted procedures to make settlement conferences as productive as possible. The United States is usually represented at settlement conferences (or pre-trial conferences requiring the attendance of someone with settlement authority) by the trial attorney with primary responsibility for handling the case, and, pursuant to 28 U.S.C. §§ 515 - 519, the trial attorney may negotiate settlements and recommend that the authorized official accept them. Before attending the settlement conference, the undersigned will have discussed this matter thoroughly with his Section Chief in order to determine the range of settlement offers, if any, that would be acceptable to the United States. The undersigned will be prepared to engage in good-faith discussions and/or negotiations based on those discussions with the Section Chief. The undersigned will personally attend the settlement conference, along with his co-counsel. The United States regularly utilizes this method and has found that it does not hamper efforts to reach settlements.

4. Mr. Ward was available by telephone on behalf of the United States in an earlier settlement conference in this case held before the Honorable Kathleen M. Tafoya, Magistrate Judge, on September 26, 2008. At that conference, the United States reached settlements with two of the three opposing parties. The United States is requesting that a similar procedure be applied with respect to the Final Pre-trial Conference.

---

Washington." S. REP. NO. 416, 101st Cong., 2d Sess. 58, *reprinted in* 1990 U.S. Code Cong. & Adm. News 6802, 6848.

5. The undersigned conferred with Counterclaim-Defendant David Maskell's counsel, Kevin Planegger, Esq., by telephone on February 19, 2009. Counterclaim Defendant's counsel indicated that he does not oppose the relief sought in this motion.

WHEREFORE, the United States moves the Court to allow the United States Department of Justice employee with final settlement authority in this case, Section Chief Richard R. Ward, to be available for consultation by telephone in connection with the February 25, 2009 Final Pre-trial Conference, in lieu of appearing in person for the conference, provided the United States' trial attorneys handling this case are present in person. The United States further requests that this motion be afforded expedited consideration by the Court.

Dated this 19th day of February 2009.

        Respectfully submitted,
        DAVID M. GAOUETTE
        Acting United States Attorney

        By: /s/ Aaron M. Bailey
        AARON M. BAILEY
        JAMES E. WEAVER
        U.S. Department of Justice
        Tax Division
        P.O. Box 683
        Ben Franklin Station
        Washington, D.C.  20044
        (202) 616-3164
        (202) 305-4929
        aaron.m.bailey@usdoj.gov
        *Attorneys for the United States*

CERTIFICATE OF SERVICE

I, Aaron M. Bailey, hereby certify that on February 19, 2009, I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to the following:

>Ted H. Merriam
>Kevin A. Planegger
>Garret M. Francis
>Merriam Law Firm, P.C.
>1625 Broadway, Suite 770
>Denver, CO 80202
>
>*Attorneys for Counterclaim Defendant David Maskell*

By: /s/ Aaron M. Bailey
Aaron M. Bailey