**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-CV-02235-MSK-KMT

UNITED STATES OF AMERICA,

    Counterclaim Plaintiff,

v.

DAVID MASKELL,

    Counterclaim Defendant.

_____

AMENDED FINAL PRETRIAL ORDER
_____

## 1.  DATE AND APPEARANCES

On February 25, 2008, at 10:00 a.m. (Mountain Time), counsel for Counterclaim Plaintiff, United States of America ("United States") and Counterclaim Defendant, David Maskell,[1] along with his counsel, appeared before Judge Marcia S. Krieger for a Final Pretrial Conference.  Appearing on behalf of the United States were Aaron M. Bailey, James E. Weaver [and Richard R. Ward by telephone], P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044, (202) 307-6322.  Appearing on behalf of Counterclaim Defendant David Maskell was Kevin A. Planegger, 1625 Broadway, Suite

1

770, Denver, Colorado 80202, (303) 592-5405.

## 2.  JURISDICTION

The United States asserts that the Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1340 and 1345 and 26 U.S.C. Sections 7402 and 7403. Counterclaim Defendant does not dispute the jurisdiction of this court over this matter.

## 3.  CLAIMS AND DEFENSES

a. Counterclaim Plaintiff: The United States seeks to reduce to judgment trust fund recovery penalty assessments made against David Maskell as result of his involvement with Firewall Forward Aircraft Engines, Inc.  The United States contends that David Maskell was properly assessed these penalties pursuant to 26 U.S.C. § 6672 for six successive calendar quarters beginning with the second quarter of 2002 and through the third quarter of 2003.

The United States will present the following categories of evidence in support of its claims either by testimony and documentary evidence and/or by stipulation:

(1) Payroll Tax Liabilities of the Company

> (a)(1) Firewall Forward Aircraft Engines, Inc., d/b/a "Firewall Forward, Inc.," a Colorado corporation, operated an aircraft engine overhaul business at the Fort Collins/Loveland Airport between 1984 and 2001. (Stipulation)
> (a)(2) Firewall Forward Aircraft Engines, Inc., d/b/a "Firewall Forward, Inc.," a Colorado corporation, operated an aircraft engine overhaul business at the Fort Collins/Loveland Airport between 2001 and 2003. (Testimony of Mark Seader; David Maskell; Exhibits 10, 28, 29, 30, 31, 32, 33, 34)

> (a)(3) Firewall Forward, Inc. employed between 25 and 50 employees during the period April 2002 through September 2003.

(Stipulation)

(b) Firewall Forward, Inc. failed to pay federal payroll taxes (taxes withheld from employee wages to cover FICA and income tax withholding) for the quarterly periods running from April 2002 through September 2003.  (Stipulation)

(c)(1) During the tax periods at issue Firewall Forward, Inc. and Firewall Forward International, LLC operated as an indistinguishable entity carrying on the engine overhaul business. (Testimony of David Maskell; Stephanie Papst; Mark Seader; Kurt Hoeven; Donna Herskind; Exhibits 4, 10, 13, 19a-i, 27, 28, 29, 30, 31, 32, 33, 34, 38-54)
(c)(2) Firewall Forward International, LLC had no employees.(Stipulation)
(c)(3) For all purposes relevant to this litigation, Firewall Forward, Inc. and Firewall Forward International, LLC operated as the same company under the name "Firewall Forward." To the degree that Firewall Forward International, LLC was identified as a separate entity, it and/or its agents, including David Maskell, controlled and directed the employees and finances of Firewall Forward, Inc.  Mr. Maskell and entities associated with Mr. Maskell, provided funds and/or were involved with the aircraft engine repair business and the funding (or lack thereof) of obligations associated with the business.  (Testimony of David Maskell; Stephanie Papst; Mark Seader; Kurt Hoeven; Donna Herskind; Exhibits 4, 10, 13, 19a-i, 27, 28, 29, 30, 31, 32, 33, 34, 38-54)

(2) Penalty Assessments

(a)  As a person responsible for collecting, accounting for and paying over payroll taxes on behalf of Firewall Forward, David Maskell was assessed the following penalties (exclusive of additional penalties and interest owed from the dates of assessment): Second Quarter of 2002 - $51,289.49, Third Quarter of 2002 - $71,407.87, Fourth Quarter of $95,366.94, First Quarter of 2003 - $76,081.98, Second Quarter of 2003 - $83,262.78, Third Quarter of 2003 - $52,991.72. (Stipulation)

(b) Interest has accrued to each of the six penalties.  Payments have been made.  Testimony will be presented concerning the current balance owed or by stipulation if permitted. (Testimony of

Doug Ulmer; Exhibit 22)

(3) Responsibility

(a) David Maskell exercised substantial control over the financial affairs of Firewall Forward, Inc./Firewall Forward International, LLC and had the power to see that withheld taxes were paid to the Internal Revenue Service. (Testimony of David Maskell; Kurt Hoeven; Stephanie Papst; Exhibits 1, 2, 5, 6, 7, 8, 11, 12, 17, 19a-i; 38-54)

(b) David Maskell was an investor in the engine overhaul business of Firewall Forward, Inc./Firewall Forward International, LLC. (Stipulation)

(c) David Maskell was a signatory on the bank accounts of Firewall Forward, Inc. and Firewall Forward International, LLC. (Stipulation) David Maskell had power to disburse funds from these accounts. (Testimony of David Maskell; Kurt Hoeven; Stephanie Papst; Mark Seader; Exhibits 1, 2, 5, 6, 7, 8, 11, 12, 17, 19a-i; 38-54).

(d) David Maskell signed checks on behalf of Firewall Forward Aircraft Engines, Inc. and Firewall Forward International, LLC during the periods at issue including checks for the purpose of paying payroll taxes of the company. (Stipulation; Testimony of David Maskell; Stephanie Papst; Kurt Hoeven; Exhibits 1, 15, 19a-i)

(e) David Maskell signed a Form 941 on behalf of Firewall Forward Aircraft Engines, Inc. during the Second Quarter of 2002 showing a balance due of over $50,000. (Stipulation; Testimony of David Maskell; Exhibit 2)

(f) David Maskell had authority over personnel issues at Firewall Forward during the periods at issue, including authority with regard to hiring and firing of employees. (Testimony of Mark Seader; Stephanie Papst; Exhibits 9, 18)

(g) David Maskell was a guarantor and signatory to loan agreements on behalf of Firewall Forward International, LLC. (Testimony of David Maskell; Exhibits 7,8,12)

(h) David Maskell held the title of Vice President at Firewall Forward International, LLC. (Testimony of Mark Seader; David Maskell;

Exhibits 14,15, 27)

(i) David Maskell was present at the facilities of Firewall Forward, Inc. for substantial periods of time during the periods at issue. (Testimony of David Maskell; Mark Seader; Kurt Hoeven)

(4) Wilfulness:

(a) David Maskell had knowledge of the unpaid payroll tax liabilities of Firewall Forward, Inc. beginning at least as early as the Second Quarter of 2002. (Testimony of Stephanie Papst; Kurt Hoeven; Donna Herskind; Exhibits 1, 2, 29, 30, 32)

(b) David Maskell failed to take any action to pay or have another pay the federal payroll taxes owed by Firewall Forward, Inc. for the periods at issue. (Testimony of David Maskell; Stephanie Papst; Kurt Hoeven; Exhibit 16)

(c) David Maskell directed and/or caused other creditors to be paid in lieu of paying over payroll taxes during the periods at issue. (Testimony of David Maskell; Donna Herskind; Stephanie Papst; Kurt Hoeven; Exhibits 1, 17, 19a-I)

(d) In the alternative, David Maskell acted with reckless disregard sufficient to demonstrate willfulness as a matter of law by failing to investigate or correct mismanagement after being notified of a failure by Firewall Forward, Inc. to timely pay over payroll taxes to the United States and/or by failing to reasonably inquire as to whether money would be available to pay withholding taxes when they became due at a time when other creditors were being paid. (Testimony of David Maskell; Stephanie Papst; Kurt Hoeven; Exhibits 25, 29, 30, 32, 35)

Counterclaim Defendant has the burden of proof by a preponderance of the evidence to establish that he was not a person responsible for collecting, accounting for and paying over payroll taxes of Firewall Forward, Inc., for the tax periods at issue and did not willfully fail to carry out these responsibilities. (Stipulation)

b.      Counterclaim Defendant: Counterclaim Defendant David Maskell seeks a judgment in his favor to abate the trust fund recovery penalties assessed against him on February 27, 2006 pursuant to 26 U.S.C. § 6672 for the quarterly tax periods ending June 30, 2002; September 30, 2002; December 31, 2002; March 31, 2003; June 30, 2003; and September 30, 2003.  David Maskell contends that he was not a responsible person with respect to Firewall Forward Aircraft Engines, Inc., and he did not act willfully in failing to pay over withheld employment taxes to the government.  David Maskell did not have sufficient status, duties and authority to be a person with ultimate authority over the expenditure of funds.  Furthermore, the evidence will show that Mr. Maskell did not have any knowledge of the unpaid tax liabilities until approximately September of 2003, after all of the unpaid liabilities at issue in this case had already accrued.

David Maskell will present the categories of evidence in support of his claims:

(1) Responsibility:

>   (a) Peter Broom had authority over the financial affairs of Firewall Forward, Inc./Firewall Forward International, LLC and had the power to see that withheld taxes were paid to the Internal Revenue Service. (Testimony of David Maskell; Donald Taranto; Donna Herskind; Rick Weizenegger)
>
>   (b) Peter Broom made the decisions as to which creditors would be paid by Firewall Forward, Inc./Firewall Forward International, LLC during 2002 and the first part of 2003. (Testimony of David Maskell; Donald Taranto; Donna Herskind; Rick Weizenegger)
>
>   (c) David Maskell was an investor in the engine overhaul business of Firewall Forward, Inc./Firewall Forward International, LLC. (Testimony of David Maskell; Andrew Chumney)
>
>   (d) Mark Seader signed the Forms 941 on behalf of Firewall Forward Aircraft Engines, Inc. for the Third Quarter of 2002 through

the Third Quarter of 2003. (Testimony of Mark Seader; Exhibit 3)

(e) David Maskell was at the business location in Loveland Colorado approximately 80 full weekdays during 2002 and 70 full workdays during 2003. (Testimony of David Maskell)

(2) Willfulness:

(a) David Maskell had not have any knowledge of the unpaid payroll tax liabilities of Firewall Forward, Inc. before September of 2003; (Testimony of David Maskell; Andrew Chumney; Rick Weizenegger; Donna Herskind; )

(b) David Maskell did not choose to pay other creditors of the company in lieu of paying over withheld employment taxes during the periods at issue. (Testimony of David Maskell; Donna Herskind; Rick Weizenegger)

## 4.  STIPULATIONS

a. The following facts are stipulated to by all parties:

(1) A delegate of the Secretary of the Treasury made assessments pursuant to 26 U.S.C. §6672 against David Maskell for the unpaid trust fund portion of the outstanding employment tax liabilities of Firewall Forward, Inc., as follows:

| TAX PERIOD ENDED | DATE TAX ASSESSED | AMOUNT |
|---|---|---|
| 06/30/2002 | February 27, 2006 | $ 51,289.49 |
| 09/30/2002 | February 27, 2006 | $ 71,407.87 |
| 12/31/2002 | February 27, 2006 | $ 95,366.94 |
| 03/31/2003 | February 27, 2006 | $ 76,081.98 |
| 06/30/2003 | February 27, 2006 | $ 83,262.78 |

        09/30/2003                 February 27, 2006                $ 52,991.72

        (2)        The total amount of the assessments made against David Maskell, is $430,400.78 plus accrued statutory interest and additions from the date of the assessments, less any payments or credits, including any offsets as the result of collection from other assessed parties, until paid in full.

        (3)        Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.) was founded prior to 1980 and incorporated in 1984. Firewall Forward, Inc. operated an aircraft engine overhaul business at the Fort Collins/Loveland Airport between 1984 and 2001. Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.) employed between 25 and 50 employees during the period April 2002 through September 2003.

        (4)        Firewall Forward, Inc. failed to pay its employment tax obligations owed to the United States for the second, third and fourth quarters of 2002 and for the first, second and third quarters of 2003. Part of the employment taxes owed by Firewall Forward, Inc. for the periods at issue are attributable to taxes withheld from employee wages to cover FICA and income tax withholding (the employee portion of the Firewall Forward, Inc. tax liability). The other part of the employment taxes owed by Firewall Forward, Inc. for the periods at issue are attributable to taxes owed by Firewall Forward, Inc. (the employer portion). After adjusting for payments that have been credited against amounts owed by Firewall Forward, Inc., the following amounts remained due and owing for the employment tax obligations of the company as of November 30, 2007 (exclusive of additional penalties and interest owed from the dates of assessment):

        A.        Second quarter of 2002            $ 75, 593.14

|   |   |   |
|---|---|---|
| B. | Third quarter of 2002 | $ 164,258.75 |
| C. | Fourth quarter of 2002 | $ 213,960.43 |
| D. | First quarter of 2003 | $ 169,029.09 |
| E. | Second quarter of 2003 | $ 182,472.39 |
| F. | Third quarter of 2003 | $ 113,715.70 |

(5) David Maskell had check-signing authority over the accounts of the Firewall Forward, Inc./Firewall Forward International, LLC at the following banks: First State Bank, First Main Street Bank, The Home State Bank.

(6) David Maskell had an office at the facilities of Firewall Forward, Inc. at 5212 Cessna Drive in Loveland, Colorado.

(7) Only one signature was required for issuance of checks from the Firewall Forward accounts at First State Bank, First Main Street Bank, and The Home State Bank.

(8) David Maskell signed checks on behalf of Firewall Forward during the periods at issue, including at least two checks designated for payment of federal payroll taxes.

(9) Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.) was the employer on behalf of which Forms W-2 were submitted for all employees of the engine overhaul business during the periods at issue.

(10) While the payroll taxes were accruing, Firewall Forward, Inc. continued to pay paper suppliers and other creditors.

(11) David Maskell was an investor in Firewall Forward, Inc. during the

periods at issue, having contributed approximately $30,000 to the company in 2001.

(12)  Firewall Forward International, LLC ("International") was a limited liability company with which David Maskell had an affiliation during the 2002 - 2003 period.  International had no employees.

(13)  David Maskell signed a Form 941 on behalf of Firewall Forward Aircraft Engines, Inc. during the Second Quarter of 2002.

(14)  Counterclaim Defendant has the burden of proof by a preponderance of the evidence to establish that he was not a person responsible for collecting, accounting for and paying over payroll taxes of Firewall Forward, Inc., for the tax periods at issue and did not willfully fail to carry out these responsibilities.

b.    A complete list of the parties' exhibits and their descriptions can be found attached to this Proposed Pretrial Order.

c.    The parties have agreed to the following stipulations regarding the applicability of statutes:

(1) The applicable statute is 26 U.S.C. § 6672.

## 5.  PENDING MOTIONS

The following motions are currently pending before the Court:

a.    Motion for Extension of Time to Complete Discovery by Counterclaim Defendant David Maskell (Rec. Doc. 73) (moot).

b.    Motion to Quash Subpoena for Tax Records by Interested Party Colorado Department of Revenue (Rec. Doc. 78) (moot).

## 6.  WITNESSES

    a.    Non-Expert Witnesses:

*See Attachment A, Witness List* (*per Trial Preparation Order*).

    b.    Expert Witnesses: No party will call any expert witnesses.

## 7. EXHIBITS

    a.    *See Attachment B, Exhibit List (per Trial Preparation Order).*

The United States reserves the right to offer other documents at the time of trial to rebut any evidence or testimony offered by any Counterclaim Defendant. Deposition designations for Stephanie Pabst and David Maskell will be provided to the Court and to counsel for Counterclaim Defendant.

    b.    The parties stipulate to the authenticity and admissibility of the exhibits listed (Nos. 1-55) on the attached exhibit list.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

The United States does not believe there any unusual issues of law which should be considered by the Court prior to trial.

## 10. SETTLEMENT

    a.    A Settlement Conference was conducted by Magistrate Judge Tafoya on September 26, 2008.

    b.    The participants in the settlement conference, included counsel for the United States and counsel for all counterclaim Counterclaim Defendants, as well as David Maskell.

  c. The parties were promptly informed of all offers of settlement.

  d. Counsel for the parties do not intend to hold future settlement conferences.

  e. Discussions regarding the possibility of settlement continue.  The parties will inform the court of the status of these negotiations by the date of the Pretrial Conference.

  f. There is no date set for a future settlement conference before the magistrate judge or other alternative dispute resolution method.

  g. Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The Final Pretrial Order may also be amended, modified, or supplemented by the anticipated Trial Preparation Conference Order or any order entered during the trial preparation conference, which subsequent orders are anticipated and incorporated by such reference.  The pleadings will be deemed merged herein.  This Final Pretrial Order

supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

a. Trial will be to a Jury;

b. The estimated trial time is five days;

c. The trial will occur in Denver, Colorado at the District Court.

DATED this _____ day of _____ 200__.

BY THE COURT:

_____
United States District Judge

APPROVED:

 s/ Aaron M. Bailey                                    s/ Kevin A. Planegger (by permission    

JAMES E. WEAVER                          KEVIN PLANEGGER
AARON M. BAILEY                           The Merriam Firm
Trial Attorney, Tax Division                1625 Broadway, Suite 770
U.S. Department of Justice                Denver, CO 80202
Post Office Box 683                          (303) 592-5405
Ben Franklin Station
Washington, D.C. 20044                  Counsel for David Maskell
(202) 307-6322
(202) 307-0054 (fax)
james.e.weaver@usdoj.gov
aaron.m.bailey@usdoj.gov

Counsel for United States

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFY that on March 6, 2009, I electronically filed the foregoing FINAL PRETRIAL ORDER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

>Kevin Planegger
>The Merriam Firm
>1625 Broadway, Suite 770
>Denver, Colorado 80202

        s/ Aaron M. Bailey
        AARON M. BAILEY
        Trial Attorney, Tax Division
        U.S. Department of Justice