**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-CV-02235-MSK-KMT

UNITED STATES OF AMERICA,

      Counterclaim Plaintiff,

v.

DAVID MASKELL,

      Counterclaim Defendant.

_____

**UNITED STATES' PROPOSED JURY INSTRUCTIONS**
**(ALL BUT PROPOSED INSTRUCTION 10 ARE UNOPPOSED BY**
**MR. MASKELL)**
_____

      Counterclaim Plaintiff, the United States of America, submits the attached proposed jury

instructions for consideration of the Court.  With the exception of Proposed Instruction No. 10,

all of the attached instructions are unopposed by Counterclaim Defendant, David Maskell.

      James E. Weaver, undersigned counsel for the United States, conferred with Mr. Maskell

by telephone on Friday, May 29, 2009, after having supplied Mr. Maskell with a copy of the

United States' proposed jury instructions.  Mr. Maskell indicated agreement with all of the

proposed instructions except for Proposed Instruction No. 10.

Proposed Instruction No. 10 (Stipulations) consists of statements that the United States and former counsel for Mr. Maskell have already submitted to the Court as part of a proposed amended pre-trial order.  (Docket No. 104).  The United States takes the position that Mr. Maskell was bound to these stipulations by his then-counsel.  In the teleconference, Mr. Maskell expressed disagreement with two of the proposed stipulations.

As to Proposed Instruction No. 10, Stipulation No. 3, Mr. Maskell took the position that Firewall Forward Aircraft Engines, Inc. is still in existence.  (The stipulation states, in part, that Firewall Forward Aircraft Engines, Inc. "operated an aircraft engine overhaul business at the Fort Collins/Loveland Airport between 1984 and 2001.")

As to Proposed Instruction No. 10, Stipulation No. 11,  Mr. Maskell took the position that that he was an aviation consultant as opposed to an investor.  (The stipulation states that "David Maskell was an investor in Firewall Forward, Inc. during the periods at issue, having contributed approximately $30,000 to the company in 2001.")

Counsel for the United States further notes that the final instruction, number 42, was labeled as number 41 (duplicative numbering) in the set reviewed by Mr. Maskell; however, the substantive content of the final instruction attached hereto is the same as the instruction reviewed by Mr. Maskell.

//

2

These proposed instructions are being submitted through the ECF system in PDF format and also to chambers in WordPerfect format via e-mail.

Dated this 1st day of June 2009.

Respectfully submitted,

DAVID M. GAOUETTE
Acting United States Attorney

By: /s/ James E. Weaver
AARON M. BAILEY
JAMES E. WEAVER
U.S. Department of Justice
Tax Division
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044
(202) 616-3164
(202) 305-4929
*Attorneys for the United States*

**(Proposed Instructions follow)**

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 6

(REPLACEMENT TO STANDARD)

This is a civil case.  Ordinarily, in a civil case, the Plaintiff has the burden of proving his case by what is called the preponderance of the evidence.  In this case, however, it is Mr. Maskell who bears the burden of proof.  That means Mr. Maskell has to produce evidence which, considered in the light of all the facts, leads you to believe that what Mr. Maskell claims is more likely true than not.  To put it differently, if you were to put Mr. Maskell's and the United States' evidence on opposite sides of the scales, Mr. Maskell would have to make the scales tip somewhat on his side in order to prevail.  If Mr. Maskell fails to meet this burden, the verdict must be for the United States.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt.  That requirement does not apply to a civil case and you should therefore put it out of your mind.

Proposed Instruction

GIVEN          _____
REFUSED        _____
MODIFIED       _____

4

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 8

(INTRODUCING PARTIES)

So that you will not be confused by some of the legal terminology I am about to use in instructing you on the law in this case and on procedures to follow, I want to tell each of you that I will refer to the Counterclaim Plaintiff, the United States of America, as the United States or the Government.  I will refer to the Counterclaim Defendant, David Maskell, by name.  I will refer to the corporation, Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.) by name, by its "d/b/a" Firewall Forward, Inc., by the shorthand "Firewall Forward" or by the term "employer."

Proposed Instruction

GIVEN          _____
REFUSED        _____
MODIFIED       _____

<u>UNITED STATES' REQUESTED JURY INSTRUCTION NO. 9</u>

(STATEMENT OF THE CASE)

This is a civil suit involving claims brought by the United States against David Maskell. It concerns whether Mr. Maskell should be held liable for the failure by Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.) to collect, truthfully account for, and pay over to the United States payroll taxes that were withheld from the wages of employees of the business during a time period running for six successive calendar quarters beginning with the second quarter of 2002 and through the third quarter of 2003. I want to emphasize that this case does <u>not</u> involve any criminal violation or criminal prosecution or criminal allegations of any kind. David Maskell will not be sent to prison, fined, or otherwise punished, regardless of the outcome of this lawsuit. All issues in this case are purely civil in nature.

The Internal Revenue Service has assessed what are called trust fund recovery penalty taxes against Mr. Maskell in connection with the failure by Firewall Forward to pay over payroll taxes for the periods at issue. The United States is seeking a judgment against Mr. Maskell for the assessments against him, which total $430,400.78, plus accrued statutory interest and additions from the date of the assessments, less any payments or credits, including any offsets as the result of collection from other assessed parties.

Mr. Maskell denies that he owes these taxes.

//

You, the jury, will determine whether David Maskell is liable for the assessments against

him.

Proposed Instruction

GIVEN          _____
REFUSED        _____
MODIFIED       _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 10

(STIPULATIONS)

The following facts are stipulated to by the United States and Mr. Maskell:

(1)     A delegate of the Secretary of the Treasury made assessments pursuant to

26 U.S.C. §6672 against David Maskell for the unpaid trust fund portion of the outstanding

employment tax liabilities of Firewall Forward, Inc., as follows:

| TAX PERIOD ENDED | DATE TAX ASSESSED | AMOUNT |
| --- | --- | --- |
| 06/30/2002 | February 27, 2006 | $ 51,289.49 |
| 09/30/2002 | February 27, 2006 | $ 71,407.87 |
| 12/31/2002 | February 27, 2006 | $ 95,366.94 |
| 03/31/2003 | February 27, 2006 | $ 76,081.98 |
| 06/30/2003 | February 27, 2006 | $ 83,262.78 |
| 09/30/2003 | February 27, 2006 | $ 52,991.72 |

(2)     The total amount of the assessments made against David Maskell,  is

$430,400.78 plus accrued statutory interest and additions from the date of the assessments, less

any payments or credits, including any offsets as the result of collection from other assessed

parties, until paid in full.

(3)     Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.) was

founded prior to 1980 and incorporated in 1984. Firewall Forward, Inc. operated an aircraft

engine overhaul business at the Fort Collins/Loveland Airport between 1984 and 2001.  Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.)  employed between 25 and 50 employees during the period April 2002 through September 2003.

(4)     Firewall Forward, Inc. failed to pay its employment tax obligations owed to the United States for the second, third and fourth quarters of 2002 and for the first, second and third quarters of 2003.  Part of the employment taxes owed by Firewall Forward, Inc. for the periods at issue are attributable to taxes withheld from employee wages to cover FICA and income tax withholding (the employee portion of the Firewall Forward, Inc. tax liability).  The other part of the employment taxes owed by Firewall Forward, Inc. for the periods at issue are attributable to taxes owed by Firewall Forward, Inc. (the employer portion).  After adjusting for payments that have been credited against amounts owed by Firewall Forward, Inc., the following amounts remained due and owing for the employment tax obligations of the company as of November 30, 2007 (exclusive of additional penalties and interest owed from the dates of assessment):

|   |   |   |
|---|---|---|
| A. | Second quarter of 2002 | $  75, 593.14 |
| B. | Third quarter of 2002 | $ 164,258.75 |
| C. | Fourth quarter of 2002 | $ 213,960.43 |
| D. | First quarter of 2003 | $ 169,029.09 |
| E. | Second quarter of 2003 | $ 182,472.39 |
| F. | Third quarter of 2003 | $ 113,715.70 |

(5)     David Maskell had check-signing authority over the accounts of the Firewall Forward, Inc./Firewall Forward International, LLC at the following banks: First State Bank, First Main Street Bank, The Home State Bank.

(6)     David Maskell had an office at the facilities of Firewall Forward, Inc. at 5212 Cessna Drive in Loveland, Colorado.

(7)     Only one signature was required for issuance of checks from the Firewall Forward accounts at First State Bank, First Main Street Bank, and The Home State Bank.

(8)     David Maskell signed checks on behalf of Firewall Forward during the periods at issue, including at least two checks designated for payment of federal payroll taxes.

(9)     Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.) was the employer on behalf of which Forms W-2 were submitted for all employees of the engine overhaul business during the periods at issue.

(10)    While the payroll taxes were accruing, Firewall Forward, Inc. continued to pay paper suppliers and other creditors.

(11)    David Maskell was an investor in Firewall Forward, Inc. during the periods at issue, having contributed approximately $30,000 to the company in 2001.

(12)    Firewall Forward International, LLC ("International") was a limited liability company with which David Maskell had an affiliation during the 2002 - 2003 period. International had no employees.

(13)  David Maskell signed a Form 941 on behalf of Firewall Forward Aircraft Engines, Inc. during the Second Quarter of 2002.

(14)  Counterclaim Defendant has the burden of proof by a preponderance of the evidence to establish that he was not a person responsible for collecting, accounting for and paying over payroll taxes of Firewall Forward, Inc., for the tax periods at issue and did not willfully fail to carry out these responsibilities.

Proposed Instruction

GIVEN          _____
REFUSED        _____
MODIFIED       _____

<u>UNITED STATES' REQUESTED JURY INSTRUCTION NO. 12</u>

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence of the case.

You are to disregard any evidence offered at trial and rejected by the Court. You are not to consider questions of counsel as evidence. You are not to consider the opening statements and the arguments of counsel as evidence. Their purpose is merely to assist you in analyzing and considering the evidence presented at trial.

The Court did not by any words uttered during the trial or in these instructions give or intimate, or wish to be understood by you as giving or intimating, any opinions as to what has or has not been proven in this case or as to what are or are not the facts of the case.

//

12

Proposed Instruction No. 12 (continued)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

<u>UNITED STATES' REQUESTED JURY INSTRUCTION NO. 13</u> (Burden of Proof)

As I indicated at the outset of the trial, Mr. Maskell has the burden of disproving the United States' claims by a preponderance of the evidence.  To prove by a preponderance of the evidence means to prove something is more likely so than not so.  It does not mean the greater number of witnesses or exhibits.  It means the evidence that has the more convincing force when taken on the whole compared to the evidence opposed to it.  It means the evidence that leads you the jury to find that the existence of the disputed fact is more likely true than not true.

Any finding of fact you make must be based on probabilities, not possibilities.  A finding of fact must not be based on speculation or conjecture.  However, you may draw reasonable inferences based upon the evidence presented.

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you determine," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

In determining whether any disputed fact has been proven by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits.

If a party fails to meet its burden of proof, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the question against the party who has the burden of proof on that issue and in favor of the opposing party.

//

14

Proposed Instruction No. 13 (continued)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 14

(Impartiality)

You have been chosen and sworn as jurors in this case to try the issues of fact presented. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that the United States of America is the Government, and that this suit involves the Internal Revenue Service, and the fact that David Maskell is an individual must not enter into or affect your verdict. All parties are equal before the law, and each should be given the same fair and equal treatment by you. You are to decide the case solely and exclusively on the evidence alone, except that you shall be guided at all times in your deliberation by the law as I instruct you.

Proposed Instruction

Bedford v. United States, 1977WL 1107, 39 A.F.T.R. 2d 77-1246, 1247 (E.D. Wis. Mar. 25, 1977) (as to paragraph 2, above).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

<u>UNITED STATES' REQUESTED JURY INSTRUCTION NO. 15</u>

(Trust fund taxes generally)

The federal taxes involved in this suit are known as Trust Fund Recovery Penalties which the United States contends are owed by David Maskell.  I will now instruct you concerning the Trust Fund Recovery Penalties.  Employers are required to withhold income taxes and social security taxes from the wages of their employees.  For example, if an employee earns $500 per month and the law requires the employer to withhold $90 for income taxes and $10 for social security taxes, the employee will receive only $400.  The remaining $100 is deemed to be held by the employer in trust for the United States.

By held in trust, I mean that the withheld taxes are not merely a debt of the employer.  They are part of the wages of the employee, held by the employer for the benefit of the United States.  This money belongs to the United States and is not to be used in corporate operations or for any other purpose except to pay the taxes of the United States.

Proposed Instruction

26 U.S.C. §§ 3402, 3102, 6672, 7501.
<u>See</u> <u>Smith v. United States</u>, 555 F.3d 1158, 1162-63 (10th Cir. 2009)
<u>Maggy v. United States</u>, 560 F. 2d 1372, 1373 (9th Cir. 1977).
<u>Muck v. United States</u>, 791 F. Supp. 817, 819 (D. Colo. 1992), <u>aff'd</u>, 3 F.3d 1378 (10th Cir. 1993).
<u>Emshwiller v. United States</u>, 565 F.2d 1042, 1044 (8th Cir. 1977).
<u>Kalb v. United States</u>, 505 F.2d 506, 509 (2d Cir. 1974).
<u>Newsome v. United States</u>, 431 F.2d 742, 746 (5th Cir. 1970).
<u>Monday v. United States</u>, 421 F.2d 1210, 1214 (7th Cir.).

//

17

Proposed Instruction No. 15 (continued)

GIVEN       _____
REFUSED     _____
MODIFIED    _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 16

(Obligation to file)

The law requires an employer to pay the withheld taxes to the United States through deposits in a bank authorized by the United States to accept deposits of federal withholding taxes.  How often deposits must be made depends upon the amount which the employer is required to withhold from the wages of its employees.

In addition to the employer's responsibility for collecting and paying over to the United States the income taxes and social security taxes withheld from the wages of its employees, it must also file a quarterly employment tax return, known as a Form 941.  This return must be filed on the last day of the month following the end of the quarter.  The year is divided into four quarters.  The first quarter is composed of January, February, and March; the second quarter is composed of April, May, and June; the third quarter is composed of July, August, and September; and the fourth quarter is composed of October, November, and December.

Proposed Instruction

26 U.S.C. §§ 6302(a) and (c).
Treas. Reg. §§ 31.6011(a)-1(a)(1), 31.6011(a)-4, 31.6151-1(a), and 31.6302(c)-1.
Slodov v. United States, 436 U.S. 238, 243 (1978).
Maggy v. United States, 560 F.2d 1372, 1373 (9th Cir. 1977).
Emshwiller v. United States, 565 F.2d 1042, 1044 (8th Cir. 1977).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 17

(Liability generally)

The liability for the payment of the taxes arises as the taxes are withheld from the wages, regardless of the established date for payment to the Government, and does not terminate until the taxes are paid over to the Government.

Proposed Instruction

26 U.S.C. § 7501.
Newsome v. United States, 431 F.2d 742 (5th Cir. 1970).
Seaton v. United States, 254 F. Supp. 161 (W.D. Mo. 1966).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

<u>     UNITED STATES' REQUESTED JURY INSTRUCTION NO. 18 </u>

(Employee credit)

Once the taxes are withheld from the employees' wages, the employees get credit for having paid them regardless of whether the employer ever pays the money over to the United States. Thus, if the employer fails to give this money to the Government, then that tax revenue is simply lost.

To lessen the likelihood of such losses, Congress enacted a law which provides that if a person who is required to collect, or truthfully account for, and pay over these taxes willfully fails to do so, then he will be liable for a penalty equal to the amount of taxes which were not paid over.

Proposed Instruction

26 U.S.C. § 6672.
<u>Smith v. United States</u>, 555 F.3d 1158, 1162-63 (10th Cir. 2009)
<u>Maggy v. United States</u>, 560 F.2d 1372, 1373 (9th Cir. 1977).
<u>Emshwiller v. United States</u>, 565 F.2d 1042, 1044 (8th Cir. 1977).
<u>Hartman v. United States</u>, 538 F.2d 1336, 1340 (8th Cir. 1976).
<u>Moore v. United States</u>, 465 F.2d 514, 517 (5th Cir. 1972).
<u>Newsome v. United States</u>, 431 F.2d 742, 746 (5th Cir. 1970).

GIVEN     _____
REFUSED   _____
MODIFIED  _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 19

(Trust fund recovery penalty)

Although this law is called a penalty, it is not criminal in nature and is not designed to punish.  Its purpose is to protect the revenue.  It is designed to prevent the unnecessary loss of trust funds by providing a means whereby the Government can collect the funds, which the corporate employer withheld and should have accounted for and paid over, from those persons who were responsible and for the corporation's failure to do so.

Proposed Instruction

Emshwiller v. United States, 565 F.2d 1042, 1044 (8th Cir. 1977).
Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir. 1976).
Newsome v. United States, 431 F.2d 742, 746 (5th Cir. 1970).

GIVEN         _____
REFUSED       _____
MODIFIED      _____

<u>UNITED STATES' REQUESTED JURY INSTRUCTION NO. 20</u>

(Enforcement Options)

The liability imposed by this law is separate and distinct from that of the corporation.

The Internal Revenue Service does not need to attempt to collect the taxes from the corporation

before proceeding to collect from a responsible person.


Proposed Instruction

<u>Teel v. United States</u>, 529 F.2d 903, 906 (9th Cir. 1976).
<u>Moore v. United States</u>, 465 F.2d 514, 517 (5th Cir. 1972).
<u>Monday v. United States</u>, 421 F.2d 1210, 1214 (7th Cir.).
<u>Datlof v. United States</u>, 370 F.2d 655, 656 (3rd Cir. 1966).
<u>Kelly v. Lethert</u>, 362 F.2d 629, 633 (8th Cir. 1966).


GIVEN        _____
REFUSED      _____
MODIFIED     _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 21

(Joint and several liability)

It is possible for there to be more than one responsible person in a corporation.  It is no

defense that there may be another individual equally or more liable for the penalty.  The fact that

one person may appear more responsible than another does not relieve either from their liability.

But the United States can only collect once, up to an amount equal to the amount which was not

collected, truthfully accounted for, or paid over.

Proposed Instruction

Smith v. United States, 555 F.3d 1158, 1164 (10th Cir. 2009)
Denbo v. United States, 988 F.2d 1029, 1032 (10th Cir. 1993)
Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir. 1976).

GIVEN           _____
REFUSED         _____
MODIFIED        _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 22

(Responsible person: Introduction)

In this case, you must decide whether David Maskell was a person responsible for

withholding, accounting for, or paying over to the Internal Revenue Service the withheld taxes

for Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.) for the quarters at

issue.

I will now explain to you what it means to be a person responsible for accounting for and

paying over withheld taxes.

Proposed Instruction

Smith v. United States, 555 F.3d 1158, 1163-64 (10th Cir. 2009)
Muck v. United States, 3 F.3d 1378, 1380 (10th Cir. 1993)
Denbo v. United States, 988 F.2d 1029, 1032 (10th Cir. 1993)
Teel v. United States, 529 F.2d 903, 906 (9th Cir. 1976).
Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir. 1976).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 23

(Responsible person: Generally)

The employer in this case was a corporation and, as such, could act only through its directors, officers, and employees.  Every corporation which is an employer has some person or persons who are responsible for withholding, accounting for, or paying over taxes withheld from the wages of its employees.  There may be more than one person responsible, but there is always at least one.

Proposed Instruction

Turner v. United States, 423 F.2d 448, 449 (9th Cir. 1970).
Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir. 1976).
Newsome v. United States, 431 F.2d 742, 746 (5th Cir. 1970).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 24

(Responsible person: Definition)

Responsible persons are those persons with the power to control the decision-making process by which the corporation allocates its funds among creditors; that is, those people who are in a position to exercise authority over the corporation's financial affairs and have the power and the responsibility to see that the withheld taxes are paid over to the Internal Revenue Service.

Proposed Instruction

Smith v. United States, 555 F.3d 1158, 1163-64 (10th Cir. 2009)
Taylor v. United States, 69 F.3d 411, 416 (10th Cir. 1995).
Dudley v. United States. 428 F.2d 1196, 1201 (9th Cir. 1970).
Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir. 1976).
Haffa v. United States, 516 F.2d 931, 935-36 (7th Cir. 1975).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

27

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 25

(Responsible person: Factors)

Factors which indicate that a person is a responsible person include the holding of a corporate office, control over financial affairs of the corporation, the authority to spend corporate money and pay creditors, stock ownership, and the ability to hire and fire employees. Examples equated with responsibility include the authority and ability to sign checks on corporate accounts, the ability to control payment of bills on behalf of the corporation or to prevent a check's issuance, the ability to control disbursement of payroll, or involvement and knowledge concerning the affairs of the corporation.

If a person possesses sufficient indicia of responsibility, he is a responsible person under Section 6672 regardless of whether he has the final say as to which creditors should be paid or has the specific job in the corporate structure to see that the taxes are paid.

Proposed Instruction

Smith v. United States, 555 F.3d 1158, 1163-64, 67 (10th Cir. 2009)
Bradshaw v. United States, 83 F.3d 1175, 1178-79, (10th Cir. 1995).
Taylor v. United States, 69 F.3d 411, 416 (10th Cir. 1995).
Denbo v. United States, 988 F.2d 1029, 1032 (10th Cir. 1993).
Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir. 1976).
Thibodeau v. United States, 828 F.2d 1499, 1503 (11th Cir. 1987).
Gephart v. United States, 818 F.2d 469, 473 (6th Cir. 1987).
Pacific Nat'l Ins. v. United States, 422 F.2d 26, 30-31 (9th Cir. 1970).


GIVEN        _____
REFUSED      _____
MODIFIED     _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 26

(Responsible person: Significant control)

A person does not need to have "exclusive" control over the corporation's financial affairs in order to be responsible for accounting for, or paying over the taxes to the Internal Revenue Service.  It is sufficient if a person has "significant" control.  Thus, if his control is exercised jointly with others, the person is no less responsible.

Proposed Instruction

Smith v. United States, 555 F.3d 1158, 1164 (10th Cir. 2009)
Taylor v. United States, 69 F.3d 411, 416 (10th Cir. 1995).
Denbo v. United States, 988 F.2d 1029, 1032 (10th Cir. 1993).
Dudley v. United States. 428 F.2d 1196, 1201 (9th Cir. 1970).
Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir. 1976).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 27

(Responsible person: Potentially numerous)

Similarly, the fact that others in the corporation may also have been responsible for accounting for, or paying over the taxes to the Internal Revenue Service will not relieve a person of responsibility.  There may be more than one person liable for the penalty.  If you think some other person may also be liable for the penalty in this case, you are not to let that fact affect your verdict regarding David Maskell.

Proposed Instruction

Smith v. United States, 555 F.3d 1158, 1163-64 (10th Cir. 2009)
Taylor v. United States, 69 F.3d 411, 416 (10th Cir. 1995).
Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir. 1976).
Monday v. United States, 421 F.2d 1210, 1214 (7th Cir.).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 28

(Responsible person: Orders not a defense)

The orders of a superior to prefer other creditors over the United States does not relieve

one of responsibility.

Proposed Instruction

See Smith v. United States, 555 F.3d 1158, 1164-65, 69 (10th Cir. 2009)
Howard v. United States, 711 F.2d 729, 734-35 (5th Cir. 1983).
Gephart v. United States, 818 F.2d 469, 473 (6th Cir. 1987).
Jay v. United States, 865 F.2d 1175, 1178-79 (10th Cir. 1989).
Bradshaw v. United States, 83 F.3d 1175, 1181 (10th Cir. 1995).
Purcell v. United States, 1 F.3d 932, 937 (9th Cir. 1993).
Thibodeau v. United States, 828 F.2d 1499, 1504 (11th Cir. 1987).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 29

(Responsible person: Delegation not a defense)

A person who is responsible for these taxes cannot escape that responsibility by

delegating it to others.


Proposed Instruction

Purcell v. United States, 1 F.3d 932, 937 (9th Cir. 1993).
Bowlen v. United States, 956 F.2d 723, 728 (7th Cir. 1992).
Thomsen v. United States, 887 F. 2d 12 (1st Cir. 1989).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

<u>UNITED STATES' REQUESTED JURY INSTRUCTION NO. 30</u>

(Responsible person: Absence not a defense)

The fact that one who otherwise meets the definition of being a person responsible for collecting, truthfully accounting for, or paying over taxes to the Internal Revenue Service spent most of his time away from the corporation does not relieve that person of responsibility. A person may be responsible even though he does not exercise day-to-day control over the finances or tax-related documents, as long as he has a right to control them.

Proposed Instruction

<u>United States v. Jones</u>, 33 F.3d 1137, 1140 (9th Cir. 1994).
<u>Kinnie v. United States</u>, 994 F.2d 279, 283-84 (6th Cir. 1993).
<u>Muck v. United States</u>, 3 F.3d 1378, 1380-81 (10th Cir. 1993).
<u>Harrington v. United States</u>, 504 F.2d 1306, 1311 (1st Cir. 1974).
<u>Monday v. United States</u>, 421 F.2d 1210, 1214 (7th Cir. 1970).
<u>Turner v. United States</u>, 423 F.2d 448, 449 (9th Cir. 1970).
<u>Gefen v. United States</u>, 400 F.2d 476, 481-82 (5th Cir. 1968).
<u>Kinnie v. United States</u>, 771 F. Supp. 842, 850 (E.D. Mich. 1991).
<u>Scott v. United States</u>, 702 F. Supp. 261, 264 (D. Colo. 1988).

GIVEN        _____
REFUSED      _____
MODIFIED     _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 31

(Willfulness: Introduction)

That completes my explanation of what it means to be a person responsible for

accounting for, or paying over taxes to the Internal Revenue Service which have been withheld

from the wages of employees.  I will now explain what it means to willfully fail to carry out this

responsibility.


Proposed Instruction

GIVEN           _____
REFUSED         _____
MODIFIED        _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 32

(Willfulness: Generally)

If you decide that David Maskell was a responsible person at Firewall Forward Aircraft

Engines, Inc. (d/b/a Firewall Forward, Inc.) during the periods in issue, then you must determine

whether he "willfully" failed to carry out his responsibility to collect, truthfully account for, or

pay over the taxes to the Internal Revenue Service.

Proposed Instruction

Finley v. United States, 123 F.3d 1342, 1344-45 (10th Cir. 1997).
Muck v. United States, 3 F.3d 1378, 1380-81 (10th Cir. 1993).

GIVEN         _____
REFUSED       _____
MODIFIED      _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 33

(Willfulness: Definition)

The word "willfully," as it is used here, simply means a voluntary, conscious and intentional decision to prefer other creditors over the United States.  It does not require any bad motive, such as an intent to defraud or deprive the United States of taxes.  The word "willfully" can also mean a reckless disregard of a known risk that the taxes are not being paid.

Proposed Instruction

Finley v. United States, 123 F.3d 1342, 1344-45 (10th Cir. 1997).
Muck v. United States, 3 F.3d 1378, 1381 (10th Cir. 1993).
Denbo v. United States, 988 F.2d 1029, 1033-34 (10th Cir. 1993).
Emshwiller v. United States, 565 F.2d 1042, 1045 (8th Cir. 1977).
Newsome v. United States, 431 F.2d 742, 745 (5th Cir. 1970).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

<u>UNITED STATES' REQUESTED JURY INSTRUCTION NO. 34</u>

(Willfulness: Example)

All that is required to establish willfulness is that a responsible person had knowledge of the unpaid federal employment tax liability, and failed to pay that liability, or failed to ensure that it was paid, when the corporation had sufficient funds to do so.

For example, if a responsible person at Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.) paid wages to its employees, but failed to pay the corresponding withheld taxes, knew that the withheld taxes had not been paid over to the Internal Revenue Service, and allowed corporate funds to be paid to other creditors, then that person's willfulness would be established.

The term "other creditors," as I have been using it, means persons or companies to whom the corporate employer owes money and includes the employees of the corporation.  Thus, for example, if a responsible person pays wages or suppliers, knowing that trust funds have not been paid over, he has willfully failed to account for, or pay over the withheld taxes.

Proposed Instruction

<u>Finley v. United States,</u> 123 F.3d 1342, 1344-45 (10th Cir. 1997).
<u>Muck v. United States,</u> 3 F.3d 1378, 1380-81 (10th Cir. 1993).
<u>Denbo v. United States,</u> 988 F.2d 1029, 1033-34 (10th Cir. 1993).
<u>Purcell v. United States,</u> 1 F.3d 932, 938-39 (9th Cir. 1993).
<u>Newsome v. United States,</u> 431 F.2d 742, 746 (5th Cir. 1970).

*//*

Proposed Instruction No. 34 (continued)

GIVEN        _____
REFUSED      _____
MODIFIED     _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 35

(Willfulness: Reckless disregard)

To be willful, the payment to other creditors must be made either with knowledge that trust funds had not been paid over to the Internal Revenue Service or with reckless disregard for whether they had been paid.  If a responsible person has knowledge of mismanagement or of problems in paying over withholding taxes, his failure to investigate and determine if the funds have been paid over to the Internal Revenue Service is reckless disregard and constitutes a willful failure to account and pay over these funds.

Proposed Instruction

Denbo v. United States, 988 F.2d 1029, 1033 (10th Cir. 1993).
Finley v. United States, 123 F.3d 1342, 1344-45 (10th Cir. 1997).
Muck v. United States, 3 F.3d 1378, 1380-81 (10th Cir. 1993).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 36

(Willfulness: failure to investigate)

Once a responsible person receives actual notice that the withheld social security and federal employment taxes have not been paid over to the Internal Revenue Service, he is under a duty to personally ensure that those withheld taxes are paid before payments are made to any other creditors.  He is not excused from this duty because no one told him to pay the withheld taxes to the United States.

If a responsible person knows that the corporation has recently had a delinquency in its tax liability and knows that since incurring that delinquency the corporation's affairs have continued to deteriorate, he runs the risk of being held liable if he fails to take any steps either to ascertain, before signing checks or allowing checks to be signed, what the state of the tax withholding account is, or to institute effective financial controls to guard against nonpayment.

Proposed Instruction

Slodov v. United States, 436 U.S. 238 (1979).
Phillips v. United States, 73 F.3d 939, 942 (9th Cir. 1996).
Gephart v. United States, 818 F.2d 469 (6th Cir. 1987).
Roth v. United States, 779 F.2d 1567, 1572 (11th Cir. 1986).
Wright v. United States, 809 F.2d 425, 427 (7th Cir. 1987).
Howard v. United States, 711 F.2d 729, 734 (5th Cir. 1983).
Newsome v. United States, 431 F.2d 742, 746 (5th Cir. 1970).


GIVEN          _____
REFUSED       _____
MODIFIED      _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 37

(Willfulness: failure to act)

A responsible person acts willfully whenever he permits funds of the corporation to be paid to other creditors when he is aware that withheld social security and federal employment taxes have not been paid over to the Internal Revenue Service.  In other words, when a responsible person does not use his authority to see that the withholding taxes are paid, but rather permits the corporation to continue its operation, paying suppliers and other creditors, his conduct is willful.

Proposed Instruction

Phillips v. United States, 73 F.3d 939, 942-43 (9th Cir. 1996)
United States v. Rem, 38 F.3d 634, 645-46 (2d Cir. 1994).
Denbo v. United States, 988 F.2d 1029, 1033-34 (10th Cir. 1993).
Honey v. United States, 963 F.2d 1083 (8th Cir. 1992).
Olsen v. United States, 952 F.2d 236, 240-41 (8th Cir. 1991).
Smith v. United States, 894 F.2d 1549, 1553-54 (11th Cir. 1990).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 38

(Willfulness: Prior and future periods)

When a responsible person learns that past due withholding taxes are unpaid, the person's responsibility to pay the past due withholding taxes continues to the extent the company has funds to pay those taxes at the time or after the time the responsible person learned of the outstanding liability.  The liability is not limited solely to the amount of funds available on the date the person learned of the outstanding liability.  The responsibility to pay the withholding taxes extends to all funds received by the company after the person learns of the liability.

In addition, when a responsible person learns that past due withholding taxes are unpaid, the person's responsibility to pay the past due withholding taxes is not limited to future quarters. The responsibility to pay the withholding taxes extends to all quarters for which withholding taxes are unpaid, including quarters that were over before the responsible person learned of the outstanding liability, as well as future quarters.

Proposed Instruction

Muck v. United States, 3 F.3d 1378, 1381 (10th Cir. 1993).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 39

(Willfulness: Negligence)

Although mere negligence does not give rise to liability for the Trust Fund Recovery

Penalty, the willfulness requirement is met if the responsible officer shows a reckless disregard

of a known or obvious risk that trust funds may not be remitted to the Government.  For this

purpose, recklessness is established if the party, first, clearly ought to have known that; second,

there was a grave risk that withholding taxes were not being paid; and if, three, he was in a

position to find out for certain very easily.  Recklessness is also established if a responsible

person fails to investigate or correct mismanagement after being notified of a default in the

payment of withholding taxes.

Proposed Instruction

Phillips v. United States, 73 F.3d 939 (9th Cir. 1996).
Thomsen v. United States, 887 F.2d 12, 18 (1st Cir. 1989).
Wright v. United States, 809 F.2d 425, 427 (7th Cir. 1987).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 40

(Willfulness: payment of wages)

The payment of net wages, in circumstances where there are no available funds in excess of net wages from which to pay the withheld taxes, constitutes willful failure to account for, or pay over those taxes.

Proposed Instruction

Sorenson v. United States, 521 F.2d 325, 328 (9th Cir. 1975).
Emshwiller v. United States, 565 F.2d 1042, 1045 (8th Cir. 1977).
Frazier v. United States, 304 F.2d 528 F.2d 530 (5th Cir. 1962).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

UNITED STATES' REQUESTED JURY INSTRUCTION NO. 41

(Willfulness: payments to creditors)

A responsible person who permits bills of the corporation, other than federal withholding taxes, to be paid when he knows that the corporation is in financial trouble, and who fails to make reasonable inquiry as to whether money would or would not be available for payment of the taxes when they became due, may be found to have willfully failed to pay the taxes.

Proposed Instruction

Thomsen v. United States, 887 F.2d 12, 18 (1st Cir. 1989).
In re Beyers, 63 A.F.T.R. 2d para. 89-1246 (Bankr. Colo. 1989).
Internal Revenue Service v. Blais, 612 F. Supp. 700 (D. Mass. 1985).

GIVEN          _____
REFUSED        _____
MODIFIED       _____

## UNITED STATES' REQUESTED JURY INSTRUCTION NO. 42

That completes my explanation of the legal considerations for determining liability under Sections 6672 of the Internal Revenue Code.  I will now review with you the burden of proof in light of the elements of Section 6672.

Under Section 6672, David Maskell has the burden of proof.  To meet his burden of proof, he must establish every essential element of his case by a preponderance of the evidence. That is, he must prove to you by a preponderance of the evidence that he was not one of the persons who had the responsibility to collect, account for, or pay over the taxes in question, or he must prove to you by a preponderance of the evidence that he did not willfully fail to collect, account for or pay over the taxes in question.  If the evidence fails to establish any essential element of his respective case, you must bring in a verdict for the United States and against David Maskell.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not true.

Where the evidence is equally balanced and you are unable to determine in your minds which way the scale should tip, then the party with the burden of proof has failed to carry the burden, and the Court instructs you that you must bring in a verdict for the other party.

//

Proposed Instruction No. 42 (continued)

United States v. Molitor, 337 F. 2d 917 (9th Cir. 1964).
Sinder v. United States, 655 F. 2d 729 (6th Cir. 1981).
Brown v. United States, 591 F. 2d 1136 (5th Cir. 1979).
Bernardi v. United States, 507 F. 2d 682 (7th Cir. 1974).
Psaty v. United States, 442 F. 2d 1154 (3d Cir. 1971).
Lesser v. United States, 368 F. 2d 306 (2d Cir. 1966).