IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-02235-MSK-KMT

UNITED STATES OF AMERICA,

    Counterclaim Plaintiff,

v.

DAVID MASKELL,

    Counterclaim Defendant.

_____

**UNITED STATES' PROPOSED CHANGES AND ADDITIONS
TO THE COURT'S DRAFT CONCLUDING JURY INSTRUCTIONS**
_____

Counterclaim Plaintiff, the United States of America, submits the attached proposed changes and additions to the Court's draft concluding jury instructions:

**A.     Proposed Edits/Additions to Instruction on Page 9 of the Court's Draft Instructions**

    1.     The United States proposes that the first sentence of the Court's draft instruction on page 9 be modified to read:

"This case involves a single issue: Mr. Maskell challenges the assessments of trust fund recovery penalty taxes against him for six calendar quarters: the quarters ending June 30, 2002,

September 30, 2002, December 31, 2002, March 31, 2003, June 30, 2003 and September 30, 2003."

    2.    The words "employment taxes" contained in the numbered elements in the instruction on page 9 should be substituted with the following:

"taxes to the Internal Revenue Service which have been withheld from the wages of employees."

    3.    The words Firewall Forward, Inc. should be substituted with "Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.)" to parallel the stipulations of the parties.

**B.    Proposed Edits/Additions to page 10 of the Court's Draft Instructions**

    1.    The United States proposes that the words "employment taxes" contained in the first sentence of the first paragraph of the instruction on page 10 be substituted with the following:

"taxes to the Internal Revenue Service which have been withheld from the wages of employees."

    2.    In addition, the United States proposes that the following four sentences be added at the end of the Court's draft instruction shown on page 10 which governs the jury's determination as to whether Mr. Maskell was a "responsible" person under the law:

    a.    There may be more than one person liable for the penalty.  If you think some other person may also be liable for the penalty in this case, you are not to let that fact affect your verdict regarding David Maskell.

    b.    The fact that one who otherwise meets the definition of being a person responsible for collecting, truthfully accounting for, or paying over taxes to the Internal Revenue Service

spent most of his time away from the corporation does not relieve that person of responsibility. A person may be responsible even though he does not exercise day-to-day control over the finances or tax-related documents, as long as he has a right to control them.

    c.    A person who is responsible for these taxes cannot escape that responsibility by delegating it to others.

    d.    The orders of a superior to prefer other creditors over the United States does not relieve one of responsibility.

**C.**    **Proposed Edits/Additions to page 12 of the Court's Draft Instructions**

    1.    The United States proposes that the first sentence of the Court's draft instruction shown on page 12, which governs the jury's determination regarding Mr. Maskell's "willfulness," be modified to read:

"If you decide that David Maskell was a responsible person at Firewall Forward Aircraft Engines, Inc. (d/b/a Firewall Forward, Inc.) during the periods in issue, then you must determine whether he "willfully" failed to carry out his responsibility to collect, truthfully account for, or pay over the taxes to the Internal Revenue Service."

    2.    The United States proposes that the following be added at the end of the first paragraph of the Court's draft instruction shown on page 12:

"The word "willfully," as it is used here, simply means a voluntary, conscious and intentional decision to prefer other creditors over the United States.  It does not require any bad motive, such as an intent to defraud or deprive the United States of taxes.  The word "willfully"

can also mean a reckless disregard of a known risk that the taxes are not being paid."

3. The United States proposes that the following be substituted in for the second and third paragraphs of the Court's draft instruction shown on page 12:

(Second Paragraph)

a. A responsible person acts willfully whenever he permits funds of the corporation to be paid to other creditors when he is aware that withheld social security and federal employment taxes have not been paid over to the Internal Revenue Service. In other words, when a responsible person does not use his authority to see that the withholding taxes are paid, but rather permits the corporation to continue its operation, paying suppliers and other creditors, his conduct is willful. Even the payment of net wages, in circumstances where there are no available funds in excess of net wages from which to pay the withheld taxes, constitutes willful failure to account for, or pay over those taxes.

(Third Paragraph)

b. In the alternative, although negligence or mistake does not constitute willfulness, the willfulness requirement is met if the responsible person shows a reckless disregard of a known or obvious risk that trust funds may not be remitted to the Government. For this purpose, recklessness is established if the party, (i) clearly ought to have known that, (ii) second, there was a grave risk that withholding taxes were not being paid, (iii) he was in a position to find out for certain very easily. For example, recklessness is established if a responsible person fails to investigate or correct mismanagement after being notified of a default in the payment of

withholding taxes. Recklessness may also be established if a responsible person permits bills of the corporation, other than federal withholding taxes, to be paid when he knows that the corporation is in financial trouble, yet fails to make reasonable inquiry as to whether money would or would not be available for payment of the taxes when they became due.

Dated this 22nd of October 2009.

          Respectfully submitted,

          DAVID M. GAOUETTE
          Acting United States Attorney

          By: /s/ James E. Weaver
          AARON M. BAILEY
          JAMES E. WEAVER
          U.S. Department of Justice
          Tax Division
          P.O. Box 683
          Ben Franklin Station
          Washington, D.C.  20044
          (202) 616-3164
          (202) 305-4929
          *Attorneys for the United States*

CERTIFICATE OF SERVICE

I, James E. Weaver, hereby certify that on October 22, 2009, I hand delivered a copy of the foregoing on David Maskell.

      /s/ James E. Weaver