IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02235-MSK-KMT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID MASKELL,

    Defendant.

# CONCLUDING JURY INSTRUCTIONS

# INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to instruct you as to the law applicable to this case. I have already given you some introductory instructions at the beginning of the case, and you have received oral instructions during the trial. You should consider all of the instructions I have already given you together with those I am about to give you.

It is your duty as jurors to follow the law as contained in these instructions and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You are not to be concerned with the wisdom of any rule of law – you must apply it whether you agree with it or not.

Counsel will properly refer to some of the governing rules of law in their closing arguments. If there is any difference between the law as stated by counsel and that stated in these instructions, you are governed by these instructions.

Nothing in these instructions is to be taken as an indication of my personal opinion about the facts of the case. It is not my function to determine the facts; it is yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

## INSTRUCTION NO. 2

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal importance, and entitled to the same rights. The fact that the Plaintiff in this case is the United States of America, or the fact that the Defendant in this case is an individual, should have no bearing on your deliberations. All parties are entitled to the same fair trial.

Mr. Maskell has chosen to represent himself in this action, rather than relying on the assistance of an attorney. In your deliberations, you should give no significance to the fact that Mr. Maskell has not been represented by an attorney.

## INSTRUCTION NO. 3

You should consider only the evidence in this case, but you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of your experience. In other words, you should use your reason and common sense to make deductions and reach conclusions as to the facts.

The evidence from which you are to decide the facts consists of:

1. the sworn testimony of the witnesses;

2. the exhibits which have been received into evidence;

3. any facts to which the lawyers have agreed or stipulated; and

4. any facts you have been instructed to treat as true.

Any finding of fact you make must be based on probabilities, not possibilities. Facts may not be based on surmise, speculation or conjecture.

## INSTRUCTION NO. 4

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In evaluating the testimony of any witnesses, you may consider:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and his or her bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

## INSTRUCTION NO. 5

If you find the testimony of a single witness is sufficiently convincing so as to establish the existence of a particular fact, you may find that fact to be proven even though a number of witnesses have testified to the contrary.

## INSTRUCTION NO. 6

A witness' testimony may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness said or did something inconsistent with the testimony or failed to say or do something which you consider to be inconsistent. A witness' testimony may also be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year. If you believe any witness has been discredited, you can give the testimony whatever weight it deserves.

If a witness has testified falsely concerning any material matter, you may distrust such witness' testimony in other particulars, reject it altogether, or give it such weight as you may think it deserves.

## INSTRUCTION NO. 7

This case concerns the assessment of a monetary penalty by the United States of America against Mr. Maskell, pursuant to a statute found at Title 26, Section 6672 of the United States Code. That statute reads, in pertinent part:

> Any person required to collect, truthfully account for, and pay over any tax . . . who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

## INSTRUCTION NO. 8

This case involves a single claim by Mr. Maskell, challenging the assessment of the tax penalty against him. To prove his claim that he is not subject to the penalty, Mr. Maskell must prove, by a preponderance of the evidence, <u>either one</u> of the following two elements:

1. that he was not a person "responsible" for Firewall Forward, Inc.'s failure to pay over employment taxes; <u>or</u>

2. if he was a person responsible for Firewall Forward, Inc.'s failure to pay over employment taxes, that failure was not "willful."

## INSTRUCTION NO. 9

In determining whether Mr. Maskell was a person "responsible" for Firewall Forward, Inc.'s failure to pay over employment taxes, you are instructed that a "responsible" person is a person who is in a position to exercise authority over the corporation's financial affairs and have the power and the responsibility to see that the withheld taxes are paid over to the Internal Revenue Service.

Factors which indicate that a person is a responsible person include, but are not limited to: (i) the fact that a person holds a corporate office, (ii) the person has a degree of control over financial affairs of the corporation; (iii) the person has the authority to spend corporate money and pay creditors; (iv) stock ownership; (v) the ability to hire and fire employees; (vi) the authority and ability to sign checks on corporate accounts; (vii) the ability to control payment of bills on behalf of the corporation or to prevent a check's issuance; (viii) the ability to control disbursement of payroll; and (ix) involvement and knowledge concerning the affairs of the corporation. You may also consider any other factors that may suggest to you that a person may or may not have sufficient authority over the corporation's financial affairs.

Every corporation which is an employer has at least one person who is responsible for withholding, accounting for, or paying over taxes withheld from the wages of its employees. In some corporations, there may be more than one responsible person. A person does not need to have "exclusive" control over the corporation's financial affairs in order to be responsible for accounting for, or paying over the taxes to the Internal Revenue Service. It is sufficient if a person has "significant" control. Thus, even if his control is exercised jointly with others, the person is no less responsible.

## INSTRUCTION NO. 10

In determining whether Mr. Maskell's actions were "willful," you are instructed that a responsible person's failure to pay over withheld taxes is "willful" when that person makes a deliberate choice, voluntarily, consciously, and intentionally, to pay others instead of paying withheld taxes that are due and owing to the Internal Revenue Service. A person can act willfully even if he does not intend to defraud the Internal Revenue Service or to permanently deprive it of the withheld taxes. So long as the responsible person knows that: (i) the corporation has withheld taxes that are due and owing to the Internal Revenue Service, and (ii) that the corporation is paying persons other than the Internal Revenue Service, then that person's actions in failing to ensure payment of withheld taxes to the Internal Revenue Service can be considered "willful."

A responsible person also acts willfully if: (i) he knew or should have known of the possibility that withheld taxes that were due and owing to the Internal Revenue Service were not being paid, (ii) the person had a reasonable opportunity to discover and remedy such problem, and (iii) the person nevertheless failed to take reasonable efforts to ensure payment.

On the other hand, a person does not act willfully if the person fails to pay withheld taxes that were due and owing to the Internal Revenue Service as a result of mistake, accident, or bona fide ignorance of the actual facts.

## INSTRUCTION NO. 11

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson in the courtroom.

## INSTRUCTION NO. 12

In order to return a verdict, it is necessary that all jurors agree; your verdict must be unanimous. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each evaluate the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges— judges of the facts. Your role is to seek and determine the truth based on the evidence presented to you.

## INSTRUCTION NO. 13

A verdict form has been prepared for your convenience.

You will take this verdict form to the jury room. You will note that the form includes a number of questions which call for a "yes" or "no" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided for each response. As you will note from the wording of the questions, it may not be necessary to consider or answer every question.

When you have completed the verdict form, all jurors will sign and date the form, which should be brought to the courtroom when you return.

## INSTRUCTION NO. 14

I will not invite communications from you, but if it becomes necessary during your deliberations to communicate with me, the foreperson may sign and give a note to the court security officer. No member of the jury should attempt to communicate with me or any other court official by any means other than a signed writing. Neither I nor any other court official will communicate with any member of the jury regarding this case other than in writing, or orally in open court. Upon receipt of a note from you, I will convene a meeting with the attorneys to discuss your question or request, which may take considerable time and effort to respond.

You will note from the oath taken by the court security officer that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case. Let me know immediately if anyone attempts any such communication.

Bear in mind also that you are never to reveal to any person – not even me – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

## INSTRUCTION NO. 15

The jury is always released from the courtroom, ordinarily at 5:00 p.m. If you desire to conclude a day's deliberations at an earlier time, please advise by a note signed by the foreperson. Upon receiving such a note, we will reconvene in the courtroom as soon as possible. The foreperson shall then state the time you intend to resume deliberations on the next business day. On that day, the foreperson shall advise by note confirming that all jurors are present and deliberations have begun.

You are not to discuss this case with anyone else except during your deliberations in the jury room. You shall not deliberate unless all jurors are present.